### YATES, Adm'r, et al. v. YATES.

No. 12001—Opinion Filed Oct. 23, 1923.

1. Trusts—Resulting Trusts—Transactions Between Husband and Wife—Presumptions.

The rule is, where a husband purchases land with his own money and takes title thereto in the name of his wife, or in the joint name of himself and wife, no trust arises in favor of the husband, by reason thereof, in the lands standing in the name of the wife, but the presumption of the law is, in the absence of clear and convincing evidence to the contrary, that an advancement or gift was intended. This is so because in law the legal obligation rests upon the husband to support the wife.

2. Husband and Wife—Conveyance to Wife—Presumption Favorable.

A husband has the right to convey land to his wife or to have it conveyed to her, either as a gift outright or in payment of a debt owed to her, and in the absence of fraud or interests of creditors, the presumption of law is in favor of such conveyance.

3. Same—Improvements on Wife's land—Presumption of Gift.

Where a husband places improvements on the wife's land, they are presumed to be placed there as a gift to the wife.

4. Appeal and Error—Questions of Fact—Review.

Where this legal presumption is not overcome by clear and convincing evidence and the decision of the trial court sustaining the contention that the property, in the instant case, was a gift to the wife is not clearly against the weight of the evidence, the decision of the trial court will not be disturbed by this court upon appeal.

(Syllabus by Thompson, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court; Stephens County; Cham. Jones, Judge.

Action by W. C. Yates, administrator of the estate of W. A. Yates, deceased, Ida McDonald, Ada Duncan, Bettie Dorrance, and Mary Killman against Leaner Yates. Judgment for defendant. Plaintiffs appeal. Affirmed.

Bond, Melton & Melton and Sandlin & Winans, for plaintiffs in error.

J. B. Wilkinson and J. B. Dudley, for defendant in error.

Opinion by THOMPSON, C. This action was commenced in the district court of Stephens County by W. C. Yates, administrator of the estate of W. A. Yates, deceased, Ida McDonald, Ada Duncan, Bettie Torrence, and Mary Killman, plaintiffs in error, against Leaner Yates, defendant in error, by filing petition on the 27th day of May, 1919.

Parties will be referred to as plaintiff and defendant, as they appeared in the lower court.

The petition alleges that W. A. Yates died intestate August 23, 1915, and left surviving him as his sole and only heirs the plaintiffs, his children, and the defendant, his wife, and that W. C. Yates is a duly qualified and acting administrator of the estate of deceased, and as such administrator the county court ordered him to bring this action, that on or about the 30th day of August, 1905, 100 acres of land were allotted to Simon Hicks, a citizen of the Choctaw Nation, which land is described, and that on or about the 28th of November, 1913, restrictions having been removed by the Secretary of the Interior, W. A. Yates bought the land for $1,400 and caused a deed to be made to said land to Leaner Yates, and that the defendant and W. A. Yates had mortgaged the land to the Gum Brothers for $1,400, which mortgage is still unpaid; that they executed an oil and gas mining lease to Christ Rena, and that one-half of the purchase price for said land was paid by W. A. Yates with his own money, and that on or about the 13th day of November, 1912, at a sale, under the regulations of the Department of Interior of unallotted lands of the Choctaw and Chickasaw Nations, W. A. Yates purchased 220 acres for a consideration of $2,020, and paid the required one-fourth of the purchase price at the time out of his own funds. that on the 13th day of November, 1912, he purchased other unallotted lands of the Choctaw and Chickasaw Nations, at a sale under the regulations of the Department of Interior, consisting of 160 acres, and paid one-fourth of the purchase price out of his own funds. that he took the deeds to these tracts of land for business convenience in the name of the defendant. Leaner Yates; that he exercised rights of ownership and possession, collected rents and profits from the lands up to the time of his death, and that after his death, the defendant wrongfully took possession and control of the lands and claimed to be the legal and equitable owner thereof, and collected the rents and profits and mortgaged a portion of the lands and used the proceeds derived from said mortgage; leased some of the lands for oil and gas and appropriated the consideration therefor to her own use; that she failed to pay the taxes upon the land when due, and prayed for an accounting of the rents, profits, and monies received and for a decree declaring that she held said land in trust for the benefit of the heirs of the estate of the said W. A. Yates, deceased, and for a decree vesting the legal title to the lands in the heirs of W. A. Yates, deceased, and divesting the defendant of the legal title.

Defendant answered, denying generally the allegations of the petition and admitting that she was the surviving widow of the deceased W. A. Yates. and that he died intestate on August 23, 1915, and left surviving him as his sole and only heirs the parties to this action. and that W. C. Yates was the qualified and acting administrator. and claimed that she was the absolute owner and in possession of the premises, referred to, and that W. A. Yates, at the time of his death, had no interest therein. and that his estate and heirs had no interest therein.

Upon these issues the cause proceeded to trial before the court, without the intervention of a jury, and on the 4th day of June, 1920, the court pronounced judgment in favor of the defendant and against the plaintiffs in this action, finding that the defendant. Leaner Yates, is the absolute owner in fee simple of the lands and tenements described in the petition, and that plaintiffs take nothing by reason of this action, and that title be quieted and affirmed in and to said lands and tenements in the defendant.

Motion for new trial was filed, overruled by the court and exceptions saved, and the cause comes to this court regularly upon appeal by plaintiffs from said judgment.

The attorneys for plaintiffs set up seven assignments of error, but choose to submit

their argument upon one sole question, stated as follows:

"As we view this case, the sole question for determination by the court, from all the facts and circumstances and evidence, is whether or not the land involved was a gift or advancement by W. A. Yates to L. Yates, and so intended by him at the time of the purchase. The Oklahoma statute, section 6660, Revised Laws of 1910, reads:

"'When a transfer of real property is made to one person and the consideration therefor is paid by or for another, a trust is presumed to result in favor of the person by or for whom such payment is made.'"

And, after stating the above proposition, the attorneys correctly admit in their brief that where the relationship of husband and wife exists the presumption of the statute does not attach, but instead the law imposes a presumption that the property was intended as a gift and contend that this presumption is not conclusive, but may be rebutted by evidence, and the only question to be determined in the decision of this case is whether or not the facts and circumstances, disclosed by the record evidence in this case, are sufficient to rebut this presumption.

The evidence in this case discloses that W. A. Yates and Leaner Yates were husband and wife; that he was a man of considerable business sense and carried on and conducted an extensive business as a stockman, merchant, and land speculator, and was a man of considerable wealth, and, at the time of his death, his estate was solvent; that he had in his own name his stock of merchandise, livestock, personal property of other kinds, and over 3,000 acres of land; that during his lifetime he told his wife he was going to purchase the lands involved in this action for her, and that he and his wife went and viewed the land, and she was present when he bought it, and he took and ordered the title deeds to be made in the name of his wife, paying one-half of the purchase price for the 100 acre tract out of his own money and borrowed from P. H. Peck, the only disinterested witness, the sum of $570, which he promised to repay to Peck as soon as he secured a loan by mortgaging the 100 acres, belonging to his wife, and he and his wife proceeded to mortgage this land, which he admitted belonged to her, to Gum Brothers for $1,400, being the entire purchase price. He told the witness Peck that he was going to buy the other unallotted lands at the sale, under the regulations of the Secretary of Interior, for his wife, af-

ter being advised by the witness Peck that his wife could hold these lands in her name, and told him he intended her to have it, and the defendant, Leaner Yates, and the son, Fred Yates, both testified that W. A. Yates, in his life time, recognized these lands as belonging to his wife and pointed them out to the son as his mother's land. The balance of the three-fourths of the purchase price was paid out of the monies and funds belonging to the defendant, and not out of the funds of the estate.

The only evidence contrary to the above facts is the testimony of three of the plaintiffs, Bettie Dorrance, Ida McDonald, and Ada Duncan, daughters of W. A. Yates and Leaner Yates, the first two of whom testified that the defendant admitted to them that the land was not hers and she was going to turn it back to the estate, or a part of it, and other one testified that her mother said that they could take it if they wanted it, that she would get a third of it anyway, all of which conversations were denied by the defendant.

The settled law of this state, as stated in the case of Mendenhall et al. v. Walters et al., 53 Okla. 598, 157 Pac. 732, is that:

"The rule is, where a husband purchases lands with his own money and takes title thereto in the name of his wife, or in the joint name of himself and wife, no trust arises in favor of the husband by reason thereof in the lands standing in the name of the wife, but the presumption of the law is, in the absence of evidence to the contrary, that an advancement or gift was intended. This is so because in law the legal obligation rests upon the husband to support the wife. Wright v. Wright, 242 Ill. 71, 89 N. E. 789, 26 L. R. A. (N. S) 161; Siling v. Hendrickson, 193 Mo. 365, 92 S. W. 105; Shaw v. Bernal, 163 Cal. 262, 124 Pac. 1012; Hayes v. Horton, 46 Ore. 597, 81 Pac. 386; 1 Perry, Trusts, section 143; 3 Pomeroy, Eq. Jur. 1039; 39 Cyc. 138."

In the case of Kent et al. v. Tallent et al., 75 Okla. 185, 183 Pac. 422, it is said:

"A husband has the right to convey land to his wife or to have it conveyed to her, either as a gift outright or in payment of a debt owed to her, and in the absence of fraud or interests of creditors, the presumption of law is in favor of such conveyance."

In the case of Nelson v. Nelson (N. C.) 96 S. E. 986, it was held:

"Where a husband places improvements on the wife's land they are presumed to be placed there as a gift to the wife."

The fact that the husband in this case managed the land and collected the rents and profits and made improvements thereon as the head of the family, in the light of the other evidence, in our view of this case, is not persuasive that the husband did not intend this land as a gift to his wife.

Upon examination of the authorities cited by attorneys for plaintiffs in nearly every case we find a state of facts that is not present in this case. In nearly every instance, in the cases relied on by them, the husband was either incapable of transacting business or made a conveyance of practically all of his property, leaving himself destitute, or leaving his creditors unprotected, or those who had the natural right to a claim upon his estate by way of inheritance practically cut off from sharing in any property, in the absence of any evidence of fraud or undue influence, but, in this case, this 100 acres of agricultural land and the other few hundred acres of pasture land composed a very small fraction of the property owned by the husband at the time he made this gift to his wife. Being a business man, engaged in large business transactions, he was thoroughly capable of transacting his own business, and there is a total lack of any business reason appearing in this record for his taking this property in his wife's name rather than in his own, and the fact that he recognized this land as belonging to his wife, and told his disinterested friend and neighbor that he was going to buy this land for his wife, and did buy it for his wife, in addition to the presumption of the law in favor of this being a gift to his wife, under the circumstances, forces us to conclude that this land was purchased for his wife and conveyed to her as a gift, and that the plaintiffs have totally failed to overcome this presumption and this evidence by that strong and convincing testimony necessary under requirements of the law in a case of this character, and the judgment of the court is not against the clear weight of the evidence.

Having arrived at this conclusion, we do not deem it necessary to review further authorities or make further comment in this case. We are, therefore, of the opinion that the judgment of the lower court is right and should be and is hereby affirmed.

By the Court: It is so ordered.