CLINTON v. CLINTON et al.

No. 28948.   March 12, 1940.

Rehearing Denied April 2, 1940.

Application for Leave to File Second Petition for Rehearing Denied April 30, 1940.

*101 P. 2d 609.*

Bower Broaddus and Julian B. Fite, both of Muskogee, for plaintiff in error.

Cheatham & Smith, of Bristow, for defendant in error Woodrow Wilson Clinton.

Glenn O. Young, guardian ad litem, of Sapulpa, for defendants in error Arthur Clinton and Carrie Mae Clinton.

OSBORN, J. This action was instituted in the superior court of Creek county, Bristow division, by Woodrow Wilson Clinton, a minor, by his next friend, against Wilson Clinton, an incompetent and the father of the plaintiff, to set aside an alleged fraudulent release of a prior judgment rendered by the district court of Creek county in favor of Cubah Clinton, plaintiff's mother, now deceased, plaintiff, his sister, Carrie Mae Clinton, and a brother, Arthur Clinton, and for partition of certain lands involved in said prior judgment. Carrie Mae Clinton and Arthur Clinton were named as parties defendant in this action, but their interests were identical with those of plaintiff herein. The cause was tried to the court and judgment was rendered in favor of the plaintiff, Woodrow Wilson Clinton, and the defendants Carrie Mae Clinton and Arthur Clinton. The defendant Wilson Clinton has appealed. The parties will be referred to as they appeared in the trial court.

The plaintiff, in his petition, alleges that in a certain cause of action entitled Wilson Clinton v. Cubah Clinton, instituted in the district court of Creek county, wherein Wilson Clinton, the defendant herein, sought a divorce from his wife, Cubah Clinton, judgment was rendered on May 6, 1926, by said district court, after Wilson Clinton had withdrawn his action for divorce, and Cubah Clinton had withdrawn that portion of her cross-petition praying for divorce, and stood upon her cross-petition for division of the property and separate maintenance and support, awarding Cubah Clinton the sum of $2,500 in cash, the sum of $300 per month during the minority of their children, that is, for a period of 16 years, and if any balance remained at her death, said amount should be paid to the minor children; for the further sum of $15,000, which sum should be used for the purpose of building and furnishing a suitable home for Cubah Clinton and her three minor children, Woodrow Wilson Clinton, Carrie Mae Clinton and Arthur Clinton, with the provision that title to said home should vest in Cubah Clinton and the three children named. Plaintiff alleges that one R. W. Williams was appointed guardian for the estate of Wilson Clinton, the defendant herein, and was later appointed administrator of the estate of Cubah Clinton, deceased; that he made no attempt to enforce or collect on said judgment for the use and benefit of the estate of decedent, and that after his resignation as guardian for the defendant Wilson Clinton, incompetent, he, as administrator of the estate of Cubah Clinton, deceased, executed, without consideration, a release of said judgment. Plaintiff states that he is one of the heirs at law of Cubah Clinton and has a beneficial interest in said

judgment, and prays that said fraudulent release be set aside and that the property of Cubah Clinton by virtue thereof be partitioned.

Defendant in his answer contended that the release of the judgment was in accordance with an order of the county court; and alleges that immediately after said judgment was rendered there was a reconciliation between Wilson Clinton and Cubah Clinton; that they resumed their marital relations and cohabited with each other at all times until the death of Cubah Clinton, and that by reason of such cohabitation the judgment was rendered inoperative. Defendant denied all allegations regarding conspiracy and fraud, and contended that the court was without jurisdiction to determine any question concerning the distribution and partition of the estate of Cubah Clinton for the reason that administration proceedings were then pending in the county court of Creek county.

The court found that the judgment rendered in the district court of Creek county in the case of Wilson Clinton v. Cubah Clinton was a valid judgment, and that the release thereof by R. W. Williams, administrator, was fraudulent and without consideration; that at the time of the death of Cubah Clinton, she, with Woodrow Wilson Clinton, Arthur Clinton, and Carrie Mae Clinton, were owners of the lands in question as joint tenants, with the rights of survivorship, and that by virtue of such right of survivorship, title to said land is now vested in the three minor children named, because of the death of Cubah Clinton. The court further found that all the rights of Cubah Clinton in said original judgment passed to and became vested in the named children at her death, and that said children were entitled to the payment of $300 per month as provided in said judgment for the duration of the time specified therein, but found, in this connection, that the provisions of said judgment had been complied with to the date of judgment in the instant case.

The court rendered judgment setting aside said release of the former judgment, but refused to partition the property involved for the reason that it appeared to be against the best interests of the minor children to order a partition. The court further ordered that the warranty deed executed by Carlos E. Foster to Cubah Clinton and Wilson Clinton covering the lands in question, upon which the home was located, canceled and set aside insofar as it attempted to convey any interest to the premises to Wilson Clinton, and further decreed that complete title to said real estate be vested in Woodrow Wilson Clinton, Arthur Clinton, and Carrie Mae Clinton, together with the furniture and household fixtures located in the residence thereon, as joint tenants, with the right of survivorship. The court further decreed that defendant Wilson Clinton pay the costs of the action, which included attorneys' fees for plaintiff and guardian ad litem fees for the minor defendants.

Defendant lists some eleven assignments of error, and urges the following: (1) That defendant is an incompetent and the judgment of the court was void for the reason that no guardian ad litem had been appointed to enter his defense in the instant case; (2) that the decree in the case of Wilson Clinton v. Cubah Clinton became inoperative because of the reconciliation of the parties; (3) that the court erred in decreeing that the property in question belongs to the plaintiff and his brother and sister, to the exclusion of the defendant, for the reason that said decree was contrary to the law and the evidence; (4) that for the same reasons it was error to decree that the furniture and household furnishings belonged to plaintiff and his brother and sister; (5) that it was error to assess as costs against the defendant the fee for plaintiff's attorney and the fees for the guardian ad litem of the minor defendants.

The second, third, and fourth assignments of error by defendant concern

the validity of the judgment of the district court of Creek county in the case of Wilson Clinton v. Cubah Clinton, rendered by that court on May 5, 1926, and necessarily involves an interpretation of that judgment by this court. The pertinent parts of that judgment are as follows:

"It is further considered, ordered, and adjudged that the defendant Cubah Clinton, have and recover judgment herein from the plaintiff, Wilson Clinton, the sum of $300 per month for a period of sixteen (16) years, or until further order of this court, beginning on the 1st day of June, 1926. that is to say 192 monthly installments of $300 each, as separate support and maintenance for herself and three minor children, and that said payments shall be made by the said Wilson Clinton, or his guardian or personal representative by a payment of $300 on the 15th day of each calendar month, beginning on the 1st day of June, 1926, and if the said Cubah Clinton should die before expiration of said time, then said payments as provided for herein shall be made to the said three minor children.

"It is further adjudged and decreed that the defendant Cubah Clinton, have and recover the sum of $2,500, which sum shall be paid by the plaintiff Wilson Clinton, his guardian or other personal representative on or before the 15th day of May, 1926.

"It is ordered, and adjudged that the said Cubah Clinton shall have and recover the sum of $15,000 from the plaintiff, Wilson Clinton, which sum of money shall be for the purpose of building and furnishing a suitable and convenient home for the defendant, Cubah Clinton, and her three minor children, said home to be purchased or built by the guardian of said Wilson Clinton, and delivered to said Cubah Clinton at the time of said purchase or building and furnishing of said home in satisfaction of this judgment in order that the title may vest in said property in the said defendant, Cubah Clinton, and her said three minor children."

It is noted that defendant does not attack the part of the judgment in the instant case setting aside the purported release of the district court judgment quoted, supra, but claims that the judgment was void, or at least inoperative by virtue of the reconciliation of the parties upon the day following said judgment. The record indicates that there was no dispute regarding the reconciliation of the parties at that time, or that such reconciliation continued until the death of Cubah Clinton. It is also undisputed that no effort was ever made to secure execution upon said judgment until the instant case was filed. The record shows that the guardian of Wilson Clinton purchased a home site and erected thereon a home, that the cost of the property was in excess of $15,000, exclusive of the furniture and furnishings; that that part of the land upon which the house is located was deeded to Wilson Clinton and Cubah Clinton, while the remainder of the tract was deeded to Cubah Clinton and the three minor children; that all the funds used in payment of the purchase price were paid by Wilson Clinton, through his guardian; that Wilson Clinton and his wife and children occupied said house until the death of Cubah Clinton; that Wilson Clinton has married since the death of Cubah Clinton, and that said property is still occupied by all the Clinton family, except the plaintiff, who is now married.

Plaintiff contends that the matter of reconciliation cannot be considered here for the reason that defendant did not include this element in his motion for new trial. It is necessary, however, to consider the evidence in this regard in order to determine the questions of whether the trial court erred in holding that the deed to the home property is void insofar as it purported to convey any of the property to Wilson Clinton, and whether the district court judgment is still valid; whether the deeds should have been issued in conformity with the terms of the judgment, and finally whether there was created a joint tenancy in said property whereby the plaintiff and the two minor defendants would inherit that part of the estate of Cubah Clinton to the exclusion of Wilson Clinton, which questions are all

properly raised in defendant's motion for new trial.

The trial court in the instant case held that the judgment was fully satisfied by the reconciliation of the parties insofar as it related to Cubah Clinton, and that it was fully satisfied as to the payment of the $300 monthly to the children to the date of the judgment. The court further held that the deed to the real estate in question is void insofar as it purported to convey any title to the property to the defendant Wilson Clinton, and that said property should have been conveyed to Cubah Clinton and the three children; that the judgment created a joint tenancy with the right of survivorship, and upon the death of Cubah Clinton title to said property became vested in the three children, to the exclusion of Wilson Clinton.

It does not appear that this court has ruled upon the specific question of whether a judgment for separate maintenance and support is terminated or rendered inoperative by a reconciliation of the parties. In 30 C. J., sec. 914, page 1095, is the following statement:

"It is not contemplated either by statute or otherwise that the decree in a suit for separate maintenance shall be final and conclusive or that the amount thereof shall be absolutely fixed and permanent, but rather that the allowance, both as to its amount and continuance, shall remain subject to the control and future action of the court, and that, as changed conditions or circumstances may require, it may be vacated or modified either by increasing or decreasing the amount thereof. The order ceases on the death of either party, at least, as to its future operation; on the rendition of a decree for divorce and alimony; and, in some jurisdictions, on a reconciliation and resumption of cohabitation. * * *"

In 6 A.L.R. 59, is found an extensive annotation upon this question. It appears that where separate maintenance has been ordered or decreed, a reconciliation or resumption of cohabitation by a husband and wife will terminate the wife's right to separate support. This view is sustained in the jurisdictions of Colorado, Illinois, Iowa, Kentucky, Maryland, Massachusetts, Nebraska, New Jersey, North Carolina, South Carolina, Tennessee. In Goldie v. Goldie, 123 Iowa, 178, 98 N. W. 630, 99 N. W. 707, where the facts were similar to those in this case, the husband having sued for divorce and the wife cross-petitioned for separate maintenance, which was awarded, it was held that the wife was entitled to separate maintenance only so long as the husband should neglect or refuse to support her. In Lockridge v. Lockridge, 3 Dana (Ky.) 28, 28 Am. Dec. 52, it was held that where alimony is decreed, it should be allowed only during the joint lives of the husband and wife, or until reconciliation and recohabitation, but the reconciliation must be permanent and not a momentary reunion for the purpose of frustrating the decree.

In Walker v. Walker, 140 Okla. 1, 282 P. 361, this court was considering the question of the validity of a judgment in the amount of $150 monthly for separate maintenance as long as the marriage relations exist or until such time as reconciliation may be effected between them. In affirming the judgment, this court quoted with approval the case of Wallingsford v. Wallingsford, 6 Har. & J. (Md.) 485, as follows:

"* * * 'Alimony is a maintenance afforded to the wife, where the husband refuses to give it, or where from his improper conduct compels her to separate from him. It is not a portion of his real estate, to be assigned to her in fee simple, subject to her control, or to be sold at her pleasure, but a provision for her support, to continue during their joint lives, or so long as they live separate. Upon the death of either, or upon their mutual consent to live together, it ceases.' When, therefore, this decree provided for the payment of so much a week as permanent alimony, it was subject to the limitations fixed by law, and could only continue during the joint lives of the husband and wife, while they live apart."

This court in construing the statute authorizing separate maintenance (sec.

678, O. S. 1931) in Williams v. Williams, 103 Okla. 194, 229 P. 797, said:

"* * * While a suit for alimony under section 514, Comp. Stat. 1921, does somewhat partake of the nature of an action for divorce, yet the two are essentially different. The one does not contemplate a termination of the marriage vows, but a continuation of the same, and is temporary and may be terminated at any time by reconciliation, or by voluntary discharge of duty by the offending party. * * *"

In the instant case it appears that the trial court properly held that the judgment was fully settled insofar as it affected Cubah Clinton, and as to the children to the date of the judgment, but the court construed the purchase of the home as having been in compliance with the terms of the judgment, or the deeds conveying said property, and held that title to property was vested in the three minor children, to the exclusion of Wilson Clinton, and further held that the award of $300 per month is still effective as to the children. In this we think the court erred. From the authorities cited, supra, it will be seen that an award for separate maintenance contemplates the continued separation of the husband and wife, and that upon the reconciliation of the couple the judgment becomes inoperative, at least during the period of such reconciliation and cohabitation, and ends with the death of either of the parties. As before stated, the parties became reconciled and resumed cohabitation immediately after the judgment, before the property was purchased, and before any attempt was made to comply with the terms of the judgment. While it was stated that the purchase of the home and the furnishing thereof was an attempt to comply with the terms of the judgment, the record indicates that this was more in the nature of a peace offering on the part of Wilson Clinton and his guardian, and was done to assure the permanency of the reconciliation. Cubah Clinton was present when the transaction took place, and evidently consented to having the conveyance made to herself and her husband. She occupied the home with Wilson Clinton and her family during the remainder of her lifetime, and the record does not reveal that she ever expressed any dissatisfaction with the arrangement, or treated the judgment for separate maintenance as a continuing obligation of her husband. It appears that there was an ample allowance for the maintenance of the home by the guardian of Wilson Clinton, and that the home is still being maintained by him. It follows, therefore, that the judgment for separate maintenance in favor of Cubah Clinton and the minor children became inoperative at the time of the reconciliation of the couple, and ceased entirely upon the death of Cubah Clinton. Having held that the conveyance of the property in question was not in compliance with the terms of the judgment, which was inoperative at the time, it follows that said conveyances cannot properly be construed with relation thereto. However, in view of the holding that a joint tenancy was created in the property, and the fact that it cannot be determined whether the court was construing the judgment for separate maintenance or the deeds to the property in arriving at this conclusion, we deem it necessary to determine the question.

It has been shown that the conveyances were not in compliance with the judgment, for the reason that the prior reconciliation of the parties had rendered it inoperative. The deed to the property vested title to that portion upon which the home is located in Wilson Clinton and Cubah Clinton, while the remainder of the property was conveyed to Cubah Clinton and the three minor children. Nothing is said regarding survivorship in either of the deeds, nor is there anything to suggest that a joint tenancy was intended. The question of joint tenancy as compared to tenants in common is discussed at great length in the early case of Helvie et al. v. Hoover, 11 Okla. 687, 69 P. 958, where the court held that a transfer of real estate by ordinary warranty deed to a husband and wife conveys to each an

undivided one-half interest in the property. Section 1612, O. S. 1931, 84 Okla. Stat. Ann. § 184, is as follows:

"A devise or legacy * * * to more than one person vests in them as owners in common."

In the California case of In re Utz's Estate, 43 Cal. 200, wherein that court was construing a similar statute, it was held that a devise "to my daughter, Margaret Utz, and to her children" vested the estate in common in Margaret and her children.

We do not deem it necessary to enter into a long discussion of the difference between joint tenancy and tenants in common. It is sufficient to say that the principal difference is that the right of survivorship applies in the case of a joint tenancy, while such is not the case in the case of a tenancy in common. The ancient doctrine of an estate in joint tenancy presents numerous artificial rules of subtle distinction of the ancient common law, and in many jurisdictions has been completely abolished by statute. 7 R. C. L. 814. While it does not appear that an estate in joint tenancy has been abolished by statute in this jurisdiction, yet the presumption must be in all cases where there are two or more grantees that such grantees are tenants in common, unless it is clearly shown upon the face of the grant that a joint tenancy with the right of survivorship was intended. It follows that the court erred in holding that an estate in joint tenancy was created, whereby the title to all the property became vested in the three children, to the exclusion of Wilson Clinton, upon the death of Cubah Clinton. Both of the deeds convey to the grantees as tenants in common, and both Wilson Clinton and the children are entitled to share in the estate of Cubah Clinton in the proportion prescribed by the laws of this state governing descent and distribution.

We are not unmindful of the fact that the judgment for separate maintenance specifically provided that the monthly payments of $300 should be paid to the children upon the death of Cubah Clinton, but are forced to the conclusion that this part of the judgment was inserted by the court in contemplation of the continued separation of the parties, and was intended to assure the support of the children during their minority, should there be no reconciliation of their parents prior to the death of the mother. The father is still under a legal duty to support his minor children, and the law provides for them an adequate remedy if he fails to meet this parental obligation.

Having adopted this view of the matter, it is not necessary to consider the remaining assignments of error.

The cause is reversed and remanded, with instructions to enter judgment in accordance with the views herein expressed.

RILEY, HURST, DAVISON, and DANNER, JJ., concur.