STATE ex rel. OKLAHOMA PUBLIC WELFARE COMMISSION v. SIMON.

No. 33822.   Oct. 3, 1950.

*222 P. 2d 1027.*

Mac Q. Williamson, Atty. Gen., Owen J. Watts, Asst. Atty. Gen., and Houston Bus Hill, Attorney for Department of Public Welfare, for plaintiff in error.

A. E. Darnell, of Clinton, for defendant in error.

GIBSON, J. The parties herein occupy the same relative positions as in the trial court and, except when designated individually, will be referred to herein as plaintiff and defendant, respectively.

Plaintiff instituted this action to recover a money judgment against defendant. Defendant demurred to plaintiff's petition and same was sustained by the trial court. Plaintiff having elected to stand on the petition the action was dismissed by the court, and plaintiff appeals.

The substance of the petition is to the following effect:

On November 14, 1939, one Emma Selvy, widow of John Simon, deceased, applied for and was granted old age assistance by Oklahoma Public Welfare Commission under authority of Oklahoma Social Security Act (Tit. 56 O. S. 1941 §161 et seq.). The assistance continued until discontinued by the Commission on August 1, 1946. Under rule of the Commission, adopted under authority of said Act, applicant for assistance is ineligible therefor if the applicant has income or other resource in excess of $250 in value. By the terms of the Act, and subscribed to in the application, it becomes the duty of the recipient to immediately notify the Department of recipient's becoming possessed of any income or property where the amount thereof would materially affect his right to assistance. And it is further provided in the Act:

". . . if any recipient receives assistance under this Act through misrepresentation or concealment of material facts, affecting the amount of assistance; the . . . Department shall, upon investigation, either cancel the assistance

or reduce the amount thereof in accordance with the circumstances. Any assistance which the recipient shall have received, by reason of such misrepresentation or concealment of facts, in excess of the amount to which he is entitled shall be recoverable as a debt due to the State. . . ." 56 O.S. 1941 §171.

At the time of said application, and thereafter, the estate of said John Simon, who had theretofore died testate, was pending on administration in the county court of Washita county, Oklahoma, and Joe Simon, son of testator, had qualified and was acting was executor. Under the terms of the will there was devised to said Joe Simon as executor and as trustee certain real estate and cash available for distribution after administration. And it is provided in the will as follows:

"I direct my trustee to expend from time to time as much of the income from said trust estate as to said trustee shall seem meet and proper for the comfort, maintenance and support of my wife, Emma Simon so long as she may live."

At the time of the application the Commission was advised of the pendency of the probate proceedings and said trust provision for the benefit of Emma Selvy, the applicant, but, at the time thereof, there was not a sufficient amount to the account of the trust to meet the needs of said Emma Selvy. It is averred in plaintiff's petition:

"That the said Joe Simon, executor and trustee, was cognizant of the fact that Emma Selvy, nee Simon, widow of the said John Simon, deceased, had made application for old-age assistance with the plaintiff herein and was requested and promised to furnish information to the plaintiff as to what moneys were being paid said applicant."

On August 1, 1946, the Commission obtained information that there then was, and since December 8, 1943, there had been, in the bank account of said trust estate, and available for the maintenance and support of said Emma Sel-vy, cash in excess of that which would determine her eligibility for assistance. During the period between said December 8, 1943, and August 1, 1946, there was paid to said Emma Selvy the aggregate of $685, and this action was brought for the recovery thereof with interest. Emma Selvy died on or about May 6, 1947. Thereafter, in October, 1947, the claim upon which this action is based was filed in the said county court proceeding as a claim against the estate of said John Simon, deceased. The same was disallowed by said court and thereafter the present action was instituted thereon. The basis of the liability of Emma Selvy is thus stated:

"If the said Emma Selvy had reported her property and income as provided by law, and as she agreed in her application she would do, and had not concealed the facts as alleged, she would not have been entitled to the assistance which was paid her as herein alleged."

And that of defendant as follows:

"That had the defendant herein complied with the provisions of the will of John Simon, deceased, by paying the maintenance and support of Emma Selvy, nee Simon, and furnished information to plaintiff that there were sufficient moneys on hand held in trust by him to pay the support and maintenance of Emma Selvy, nee Simon, she would not have been granted old-age assistance and the State of Oklahoma would not have been out the money paid her from January, 1944, through, July, 1946."

The demurrer was sustained upon the ground the petition did not state facts sufficient to constitute a cause of action.

In urging that the petition states a cause of action against the defendant, it is not contended that such right of action arose by reason of any concealment or misrepresentation by the trustee of decedent's estate. It is recognized that it was the concealment and misrepresentation of the recipient,

Emma Selvy, that gave rise to a right of action in the state to recover of Emma Selvy the amounts paid during the period of ineligibility. Liability therefor of the defendant herein is predicated on the contention that the amounts so paid were in performance of a duty devolving upon the defendant.

In support of the contention there are cited sections 3 and 10, Tit. 32 O. S. 1941, and Yates v. Yates, 93 Okla. 94, 219 P. 705, and Sodowsky v. Sodowsky, 51 Okla. 689, 152 P. 390, which construe the same. The sections provide as follows:

"Sec. 3. The husband must support himself and his wife out of his property or by his labor. The wife must support the husband when he has not deserted her out of her separate property when he has no separate property and he is unable from infirmity to support himself."

" . . .

"Sec. 10. If the husband neglect to make adequate provision for the support of his wife, except in the cases mentioned in the next section, any other person may, in good faith, supply her with articles necessary for her support and recover the reasonable value thereof from the husband."

The Yates case is cited to the effect the husband is obligated in law to support the wife.

In the Sodowsky case, it is said:

"If a husband breach his duty in this regard, and his wife, entitled to such support, involuntarily supply the same out of her separate means, she may, under the statutes of this state, upon due demand, or when such demand be futile, sue and recover of him in an action at law reimbursement for the amount so expended for her necessary support."

There is quoted from Klebes, Commissioner of Public Welfare, v. Condon, 22 N. Y. S. 2d 86, as follows:

"The purpose of statute providing that the father of a recipient of public relief shall, if of sufficient ability, be responsible for the support of such person is to permit the maintenance of an action where it is found that the public has supported an indigent person who during that period should have been supported by a relative of sufficient ability to have done so. Public Welfare Law, Section 125."

The argument carries no appeal. The duty of the husband to support the wife flows from and is dependent upon the marriage relation (See 30 C. J. 518, sec. 30, and cases cited). It can have no application to the situation that obtains herein. Furthermore, the duty contemplated by said sections and by the quoted New York case has reference to a duty imposed by law and not a duty arising out of a trust which only the beneficiary has a legal right to enforce. Such right may be the equivalent of income or other resource pertinent to recipient's eligibility, but it does not afford the state any right to discharge the duty of the trustee and have recourse to the trust estate therefor.

Affirmed.

DAVISON, C. J., ARNOLD, V. C. J., and WELCH, CORN, HALLEY, JOHNSON, and O'NEAL, JJ., concur.