SWANSON et al. v. SWANSON.

No. 34494.    Dec. 18, 1951.

Rehearing Denied May 27, 1952.

Application for Leave to File Second Petition for Rehearing Denied Nov. 12, 1952.

*250 P. 2d 40.*

Jess J. Worten, Jr., and Hamilton & Kane, Pawhuska, for plaintiffs in error.

J. B. Underwood, Tulsa, for defendant in error.

PER CURIAM. This action for divorce, alimony, for cancellation of a deed and for quieting title of lands in Osage county, Oklahoma, was filed by Maudie Fronkier Swanson against her husband, Joseph Newton Swanson. O. E. Swanson was also made a defendant in the action. He subsequently died and his executrix was substituted as a party defendant. The executrix appeared in the case claiming ownership in a portion of the land distributed to the plaintiff under the decree of divorce and for alimony. Hereafter Maudie Fronkier Swanson will be referred to as plaintiff and Joseph Newton Swanson as defendant.

Plaintiff and defendant were married in April, 1925, and lived together as husband and wife until 1939. Two children were born of this union. A daughter, now 23, and a son, 17 years of age. Plaintiff's petition is based on allegations of gross neglect of duty, extreme cruelty and on specific allegations of adultery. After 1939, and prior to the filing of the present action for divorce and alimony, the defendant had filed two actions for divorce in Oklahoma and two actions for divorce in Arkansas against this plaintiff. The district judge of Osage county denied both of defendant's applications for divorce, and the Supreme Court of the State of

Arkansas reversed a decree of divorce which the defendant had obtained on the ground that he was not a bona fide resident of Arkansas when the suit was instituted.

Defendant, in addition to a general denial, charged plaintiff with gross neglect of duty, extreme cruelty, and with a specific act of misconduct in the year 1948. He further states that he has not cohabited with plaintiff since their separation in 1939. Upon the issue of divorce the record is replete with evidence of defendant's improper conduct consisting of mental and physical cruelty, and unfaithfulness to his marriage vows. His extramarital activities were not of a sporadic nature, but more of a settled and consistent pattern. Moreover defendant, since 1939, as indicated, wanted to divorce plaintiff. In 1943 he wrote her saying: "I am going to divorce you if it is the last thing I ever do." Defendant in his brief states:

"There is no appeal to this court from that portion of the decree granting a divorce, but the appeal to this court is with reference to that portion of the judgment involving defendants' property and the amount of alimony."

We, therefore, dispose of this portion of the case by approving the findings of the trial court in which he held:

"The court finds that the allegations contained in plaintiff's petition are true, that plaintiff is entitled to the relief prayed for, and that the allegations in defendant's cross-petition are not sustained by the evidence."

The sole question to be resolved is that portion of the decree granting plaintiff alimony, support money for the minor child of plaintiff and defendant, and the decree quieting title of certain land in question. The trial court made a finding that the plaintiff was the owner of an undivided one-half interest in lands situated in Osage county, Oklahoma, to wit:

The East Half of the Southeast Quarter of Section 5; the Southeast Quarter of Section 6; the Northeast Quarter and the Southeast Quarter of the Northwest Quarter of Section 7; the Northeast Quarter of the Northeast Quarter and the East Half of the Southwest Quarter of the Northeast Quarter of Section 8, all in Township 25 North, Range 6 East,

and the decree vests in plaintiff, as her sole and separate property, an undivided one-half interest in the land therein described, and quieted plaintiff's title thereto against the defendant Joseph Newton Swanson and the defendant, the executrix of the estate of O. E. Swanson. This finding is based on evidence showing that on the 7th day of July, 1933, Oscar E. Swanson and Celestine Swanson, husband and wife, conveyed the land to Joseph N. Swanson and Maudie F. Swanson, plaintiff and defendant herein, by general warranty deed. On April 25, 1941, the defendant Joseph Swanson executed a warranty deed to the land to O. E. Swanson, his father. Maudie Fronkier Swanson did not join in this deed and was not a party to the transaction. It is the contention of the defendant that the one-half interest in this land claimed by plaintiff was held by her in trust for the defendant, and he, being the sole owner thereof, had the right to deed the land back to his father without joining his wife in the deed. In support of this proposition defendant cites Yates v. Yates, 93 Okla. 94, 219 P. 705, in which this court held:

"The rule is, where a husband purchases land with his own money and takes title thereto in the name of his wife, or in the joint name of himself and wife, no trust arises in favor of the husband, by reason thereof, in the lands standing in the name of the wife, but the presumption of the law is, in the absence of clear and convincing evidence to the contrary, that an advancement or gift was intended. This is so because in law the legal obligation rests upon the husband to support the wife."

Defendant's application of the rule announced in the Yates case, supra, is stated by him:

"That in this state where there is clear, cogent, and satisfactory evidence to the contrary, the presumption of a gift or an advancement to the wife is overcome, and the wife will be decreed to hold the title as trustee for her husband."

The land in question was not conveyed by the defendant to plaintiff as in the Yates case, but was conveyed by the defendant's father to this plaintiff and defendant, and the title remained in them from 1933 until 1941. The defendant then attempted to reconvey the land to his father without joining plaintiff in the deed. Moreover, it appears that at the time the land was conveyed by O. E. Swanson and Celestine Swanson to this plaintiff and defendant, a deed executed by both plaintiff and defendant conveying certain land to O. E. Swanson was a part of the same transaction, both deeds being executed on the 7th day of July, 1933.

We concur in the court's finding that under the deed from O. E. Swanson and Celestine Swanson to plaintiff and defendant, each became the owner of an undivided one-half interest, in fee simple, to said land, holding the same as tenants in common; that defendant could not convey his wife's interest in the land back to his father. In Clinton v. Clinton, 187 Okla. 144, 101 P. 2d 609, we held:

"Where a deed conveys to two or more grantees, title to property therein conveyed is vested in such grantees as tenants in common, unless it is clearly shown upon the face of the instrument that a joint tenancy with the right of survivorship was intended."

Complaint is made that an allowance for the support of plaintiff and defendant's minor son, in the sum of $75 monthly, is excessive. In view of the minor's physical condition, and the necessary expenses of maintenance and education, we agree with the trial court's finding that the allowance is reasonable. Tobin v. Tobin, 89 Okla. 12, 213 P. 884.

Complaint is made by the defendant that the alimony awarded plaintiff in the sum of $5,000 payable in 30 days, and the further sum of $75 per month payable monthly until the sum of $9,000 is paid, is excessive, and a like complaint is made in the allowance of an attorney's fee for the benefit of plaintiff's attorney in the sum of $750. The evidence discloses that the defendant is a member of the Osage tribe of Indians of 1/32 degree blood; that his headright, as found by the court, is of the reasonable value of $12,000. Defendant has received, over a period of five years, the sum of $100 monthly from said headright. There is evidence in the record supporting the contention that by reason of a repressuring operation in the oil field in the Osage Nation, the headright will become more valuable. The evidence discloses that immediately before the institution of the present action, the defendant had deposited in an Oklahoma City bank the sum of $10,000. $7,500 of this money was on deposit at the date of the trial. He also had accounts in two other banks. The amounts, however, are not disclosed by the record. All other property of which defendant might be possessed was decreed to be his sole and separate property.

We are of the opinion, and so hold, that where the evidence shows there is a conflict on the value of property, the decision of the trial court, if it is sustained by substantial evidence, is controlling. We held in Chamberlain v. Chamberlain, 121 Okla. 145, 247 P. 684:

"In a contested divorce case, where the parties are praying for a divorce and division of property, and the evidence is conflicting, and there is sufficient competent evidence to support the findings of the court and the judgment and decree based thereon, the same will not be disturbed by this court on appeal."

As we have so often held, we cannot disturb findings of fact unless they are clearly against the weight of the evidence. See Weatherspoon v. Weather-

426

spoon, 199 Okla. 543, 188 P. 2d 225, and Payne v. Wade, 190 Okla. 222, 122 P. 2d 144.

We held in Clayton v. Speakman, 182 Okla. 86, 76 P. 2d 376:

"In cases of purely equitable cognizance coming to the Supreme Court on appeal, the entire record will be examined and the evidence weighed, but the judgment will not be reversed unless it appears as being against the clear weight of the evidence."

The judgment and decree of the lower court are affirmed.

This Court acknowledges the services of Attorneys Charles E. Dierker, H. L. Douglas, and Duke Duvall, who as Special Masters aided in the preparation of this opinion. These attorneys were recommended by the Oklahoma Bar Association, approved by the Judicial Council, and appointed by the Court.

HALLEY, V. C. J., and WELCH, CORN, DAVISON, O'NEAL, and BINGAMAN, JJ., concur. GIBSON and JOHNSON, JJ., dissent.