Irene D. CHASTAIN, Appellant,

v.

James N. POSEY, Executor of the Estate
of J.T. (Tommy) Chastain,
Deceased, Appellee.

No. 56317.

Supreme Court of Oklahoma.

April 26, 1983.

Rehearing Denied June 1, 1983.

Harley E. Venters, and J. Harry Johnson, Oklahoma City, for appellant.

Fred Vaughan, Jr., Bethany, for appellee.

HARGRAVE, Justice.

Irene D. Chastain brings this appeal from the District Court of Oklahoma County. The appellee, James N. Posey, acting as the executor of the estate of J.T. Chastain, deceased, also filed a cross petition in error in this action arising from a divorce proceeding. Irene Chastain's appeal revolves around the effect of the death of the husband after judgment but before a motion for new trial had been ruled upon, where neither party had assigned as error the granting of a divorce in their motions for new trial. The appellee's cross petition is centered upon issues relating to the division of jointly acquired property and issues relating to separate property.

Irene and J.T. Chastain were married in September of 1972. There were no children born of this marriage. Irene filed a petition for divorce in March of 1980, alleging incompatibility as a ground for divorce. The decedent, J.T. (Tommy) Chastain, answered and admitted incompatibility. The cause was tried August 1st and 6th of 1980 and thereafter the Court rendered judgment on September 24, 1980. The divorce was granted on the basis of the admitted incompatibility. The judgment divided the joint property, set aside the parties' separate property, granted alimony and assessed attorney fees for the plaintiff's attorney. Both parties filed a motion for new trial in a timely manner and those motions were heard on October 3, 1980. While rulings on these motions were under advisement, the defendant, J.T. Chastain, died (October 7, 1980). Ten days later, plaintiff Irene filed a motion to dismiss the action based upon the death of defendant. The action was revived in the name of defendant's executor, James N. Posey, over plaintiff's objection. The motion to dismiss and motion for new trial were overruled December 19, 1980.

James N. Posey filed a cross petition in error January 26, 1981, which states his motion for new trial was overruled December 19, 1980. The appeal of the cross appellant relates to the correctness of the trial court's decisions regarding property division and other property matters.

The first allegation of error of appellant Irene Chastain, summarized, is that as a matter of law the parties' marriage was terminated upon the defendant's death, even though judgment granting a divorce was previously issued, because the finality of the judgment of divorce was suspended by pending motions for new trial. Appellant contends that *Price v. Sanditen,* 170 Okl. 75, 38 P.2d 533 (1934), establishes as a controlling principle the fact that until a motion for new trial is ruled upon, the matter is still pending and there is no final judgment. The question in that cause was directed to a determination of the calculation of the five-year period after judgment in which an execution must be issued to prevent the judgment from becoming dormant. In that cause it was determined that the limitation of the life of a judgment to five years under Section 442 O.S.1931 begins to run upon overruling of a new trial. That case was decided under general precepts of Oklahoma law:

"If we were to say that a judgment rendered immediately after verdict is a final judgment, there would be created the anomalous situation of a rendition of two final judgments in a case where a motion for new trial was filed and overruled. This we cannot do. As heretofore pointed out, our statute declares that a judgment is the 'final determination of the rights of the parties in an action'. We find no just cause or reason for construing the statute to mean anything except what it says. Therefore a judgment rendered pending a motion for new trial is not in the strict sense of the word a judgment but a mere interlocutory order which attaches itself against the real property of defendant from that date as a lien (Section 437 O.S.1931), and upon

which an execution may be issued in the absence of a stay properly granted. (Section 546 supra)."

In the cause appearing for consideration here, the Court must examine the effect on the general rules above referred to in the light of a specific statute on the subject of divorce, 12 O.S.1981 § 1282, which states:

"Every decree of divorce shall recite the day and date when the judgment was rendered. If an appeal be taken from a judgment granting or denying a divorce, that part of the judgment does not become final and take effect until the appeal is determined. If an appeal be taken from any part of a judgment in a divorce action except the granting of the divorce, the divorce shall be final and take effect from the date the decree of divorce is rendered, provided neither party thereto may marry another person until six (6) months after the date the decree of divorce is rendered; that part of the judgment appealed shall not become final and take effect until the appeal be determined."

The appellant's petition in error was filed January 16, and as such, is filed in a timely manner against the order of December 19 ruling on the motion to vacate orders and dismiss the case. This motion recited the death of the defendant and an allegation the judgment was not final. The order entered also overruled defendant's motion for new trial. During the thirty day period after overruling of the motion to dismiss and of defendant's motion for new trial, plaintiff could have appealed any prior order entered, including the granting of the divorce. The plaintiff's petition in error does not contest the validity of the court's granting the divorce as it stood the day of judgment, September 24, 1980. Plaintiff's appeal and argument based upon the petition in error raises the issues of abatement and final judgment. First, a divorce action abates absolutely on the death of a party pending final judgment; second, the trial court erred in ruling that the judgment of September 24 was a final judgment. Throughout the entire record there is found

neither an objection to the trial court's granting of the divorce as it stood the day of judgment, nor is there argument made on appeal to that point. In the absence of an appeal on the issue of the propriety of the granting of the divorce, the provisions of 12 O.S.1981 § 1282 control:

"... If an appeal be taken from any part of a judgment in a divorce action except the granting of the divorce, the divorce *shall be final* and take effect from the date the *decree* of *divorce* is *rendered*...." (Emphasis added.)

Where, as here, there is no objection either in the motion for new trial or the petition in error to the granting of the divorce, that part of the decree is final as of the date of rendition under the cited statute. In the absence of an appeal from the grant of a divorce, the motion to dismiss based upon the fact of the death of defendant was correctly overruled. The last cited statute states the date of the divorce decree is the date the judgment is rendered. *Mabry v. Baird*, 203 Okl. 212, 219 P.2d 234 (1950), states that the death of a party to a divorce action prior to the rendition of final judgment terminates the status of marriage theretofore existing and leaves the parties as though the action had never been brought, but the divorce suit does not abate on the death of a party after final judgment is rendered. At the time of death in that action, the judgment had not been reduced to writing but the court noted the rendition of a judgment is the judicial act of the court in pronouncing the sentence of the law upon the facts, and stated the judgment to have been final. In this regard, see *Wilks v. Wilks*, 632 P.2d 759, 761, 762 (Okl. 1981), wherein is discussed the same provisions of 12 O.S.1981 § 1282 as are material here.

"*Finality* and *effect* are not parallel concepts. While the appeal is undecided a judgment obviously lacks the attributes of *finality*, although it may be clothed with *effect* if it can be enforced while uncertainty continues to exist upon the ultimate outcome of litigation.... As a general rule in Oklahoma, although *finality* always is, the effectiveness of a judg-

ment need not be, and most often is not, postponed by an appeal. Absent a clearly-expressed legislative command to the contrary, civil judgments are subject to *immediate* rather than *postponed,* enforcement while there is a pending appeal. In short, a non-final judgment can be, and most often is, at once effective."

■ Under 12 O.S.1981 § 1282 it is determined that the status determination of divorce is effective the date of rendition in the absence of an appeal on that issue, under the facts of this case, where there has been no attempt to raise as error in the trial court the issuance of the divorce in a post-judgment motion. Given this determination that the decree of divorce was final when issued under these facts, a subsequent attempt by appellant to vacate the decree based on the later death of defendant was properly rejected by the trial court. Generally, a divorce decree may not be vacated at the instance of the party obtaining it after the death of the party against whom the decree was rendered. *Scoufos v. Fuller,* 280 P.2d 720 (Okl.1954).

■ Appellant's remaining proposition of error deals with the decree's division of the parties' property. At the time of trial, appellant objected to testimony that certain property held in joint tenancy (such as the duplex the parties occupied as the home) was purchased with separate funds. This testimony was allowed over objection, and the duplex was considered separate property of the defendant to the extent that he purchased it with separate funds. Appellant refers to *Shackelton v. Sherrard,* 385 P.2d 898 (Okl.1963), and *May v. May,* 596 P.2d 536 (Okl.1979), as authority to establish the presence of a joint tenancy raises a presumption that there has been an interspousal gift of the interest conveyed to the spouse. In the transcript of the ruling made from the bench, the trial judge correctly summarized the evidence presented as to the intent and motivation of the parties during the marriage as bearing on the ownership question. Soon after the marriage, the parties placed a substantial portion of their assets in joint tenancy in a

short period of time. The trial court correctly stated:

"Well, as I recall the evidence, both parties said: 'We're just going to put everything in joint tenancy.'"

From this summary the trial court deduced that they were saying that this was for as long as the parties were married and concluded that it was the court's duty to try and place the parties back in the separate property position they were in at the outset of the marriage. The court placed the burden of affirmatively proving the parties intended to make a gift, and stated there was no direct evidence that either party ever said "Yes, I'm making a gift to you of half of what I have"; therefore, the court concluded plaintiff had not proven a gift and the property was divided so as to approximate the separate property ownership that prevailed prior to the marriage. Appellant expressly raised the presumption of gift issue and it was rejected. In the case of *Mendenhall v. Walters,* 53 Okl. 598, 157 P. 732 (1916), this Court stated:

". . . The rule is, where a husband purchases lands with his own money and takes title thereto in the name of his wife or in the joint name of himself and wife, no trust arises in favor of the husband by reason thereof in the lands standing in the name of the wife, but the presumption of law is, in the absence of evidence to the contrary, that an advancement or gift was intended."

This statement of law was applied in *Yates v. Yates,* 93 Okl. 94, 219 P. 705 (1923). Therein it is said that generally a transfer of real property made to one person where the consideration is paid by another causes a trust to arise in favor of the party by or for whom the payment is made. (60 O.S. 1981 § 137.) However, where the title is held in the name of a spouse and the other spouse has contributed the consideration, the presumption of the statute does not attach but instead the law imposes a presumption that the property was intended as a gift. This rule was applied in *Swanson v. Swanson,* 207 Okl. 423, 250 P.2d 40 (1951), and *Fletcher v. Fletcher,* 206 Okl. 481, 244

P.2d 827 (1952) and cases cited therein. The precept was again noted with approval and relied upon in *Shackelton v. Sherrard, supra.* This statement was last noted in this jurisdiction in *May v. May, supra. Fletcher v. Fletcher, supra, Swanson v. Swanson, supra,* and *Yates, Adm. v. Yates, supra,* note that in the absence of clear and convincing evidence to the contrary, the presumption is made that where a spouse furnishes consideration for a property conveyance and places title thereto in joint tenancy, an advancement or gift of one-half interest is intended. *Shackelton v. Sherrard, supra,* notes that the presumption attaches where fraud and special agreement to the contrary are not present.

Appellee contends the above discussed rule does not apply of necessity and points to *Roberson v. Roberson,* 439 P.2d 938 (Okl. 1968) and *Palmer v. Palmer,* 465 P.2d 156 (Okl.1970), to demonstrate the point. *Roberson, supra,* is not in point with the facts before this court inasmuch as in *Roberson,* the main asset of the marriage was a farm purchased with the separate funds of both parties. The opinion notes this farm to be jointly acquired property and it does not appear from the opinion how title to the property was held. The effect of a joint tenancy deed was not at issue in the cause.

It does not appear from a reading of the *Palmer v. Palmer, supra,* decision that the parties raised the issue presented here. In response to appellee's argument, it need only be said this Court has not diluted or impaired the rule in this jurisdiction that a transfer of separately-owned property to husband and wife as joint tenants is presumed to constitute a gift of half of the value to the other spouse, absent clear and convincing evidence to the contrary.

Here, as epitomized by the trial court's summary of the evidence, the parties placed their assets in joint tenancy in the absence of any fraud or special agreement. Thus the trial court erred in allowing the parties to be placed in their pre-marriage position relative to separate assets because there is absolutely no evidence to displace the presumption. The Court has reviewed the rec-

ord and determines that although a court of equity will review the record and issue the judgment which should have been rendered, in this instance it is determined that the record does not present the Court with sufficient information to determine which of the parties' assets were incorrectly held to constitute separate property even though those assets had been placed in joint tenancy. Therefore, the cause is affirmed in all respects, other than the reversal made here of the property division.

The appellee's cross petition in error raises propositions of error dealing with the correctness of the division of property also. Inasmuch as this cause is remanded with directions to retry this allocation of property to the parties, both separate and jointly acquired, it is unnecessary to further address appellee's argument.

AFFIRMED IN PART; REVERSED IN PART AND REMANDED FOR NEW TRIAL ON THE ISSUE OF DIVISION OF JOINTLY ACQUIRED PROPERTY AND ALLOCATION OF SEPARATE PROPERTY NOT INCONSISTENT WITH THE VIEWS EXPRESSED HEREIN.

All Justices concur.