**Victor Raymond SHIPP, Plaintiff in Error,**
**v.**
**Hattie B. SHIPP, Defendant in Error.**
**No. 39929.**

Supreme Court of Oklahoma.
May 28, 1963.

Rehearing Denied June 25, 1963.

John Romig Smith, Oklahoma City, for plaintiff in error.

William H. Mattoon, Norman, for defendant in error.

### JACKSON, Justice.

At issue in this appeal is the correctness of the trial court's judgment allowing the former wife of plaintiff in error to recover the sum of $2,900.00 claimed by her under a decree of separate maintenance rendered in California prior to the entry of an absolute divorce in this State. In our reference to the parties the plaintiff in error will be designated as husband and defendant in error as wife.

The parties, who were married in 1945 and have one child, became separated in the latter part of 1959 while residing in Lakewood, California. The wife remained in California; the husband removed to Norman, Oklahoma, where on December 10, 1959, he instituted a divorce action in the District Court of Cleveland County. His petition alleged, among other things, that he had, "by intention", been a resident of this State since 1947. The wife entered a general appearance on February 29, 1960, by a notarially acknowledged waiver of process executed in Los Angeles, California. Filing

her answer and cross-petition on the same day, she procured an order pendente lite for temporary alimony, child support and attorney's fee. When modified after a hearing held on March 17, this order allowed the wife the sum of $100.00 for her maintenance and that of the child, and $150.00 as counsel fees.

Another hearing, held on May 3, apparently culminated in a determination that the husband had failed to meet the Oklahoma residence requirements (of six months) when he brought the action. The husband, who later dismissed the cause "without prejudice", commenced on May 3, another divorce action in the same court. Publication service was issued and notice by mail given to the wife. After unsuccessfully challenging the court's jurisdiction by a special appearance on July 1, the wife then demurred to the petition, moved for a bill of particulars (on August 9), and on September 16, filed a verified answer and cross-petition. To the latter pleading there was attached a copy of a decree for separate maintenance obtained by the wife on July 29, 1960, in the Superior Court of Los Angeles County, State of California. Asserting certain rights under this decree, the wife alleged husband's failure to comply with its provisions. Concurrently with the filing of her answer and cross-petition, the wife procured an order for alimony, child support and counsel fees pendente lite. After trial on October 24, 1960, the court granted both parties a divorce on grounds of incompatibility, awarded the husband title to a certain 1957 Mercury automobile acquired during the marriage, and directed him to pay $75.00 per month for the support of the minor child, as well as the wife's counsel fees in the sum of $350.00. The decree so entered did not allow the wife any pecuniary award, either as alimony or in lieu of property. No appeal was taken and the decree became final.

In the present suit, brought by the wife on October 21, 1960, as a separate action in the District Court of Cleveland County, she sought to recover the following amounts

allowed her in the California decree of separate maintenance: (a) $2150.00 as an "equitable lien" in the husband's 1957 Mercury automobile; (b) $350.00 in counsel fees; and (c) $400.00 in "back support" money—or a total of $2,900.00. The trial court rendered a judgment in wife's favor on February 21, 1961, and the husband seeks corrective relief.

The California suit for separate maintenance was instituted by the wife by "complaint" filed in the Superior Court of Los Angeles County on May 9, 1960. The husband, who at that time was admittedly in Oklahoma, was served by publication; a copy of the summons and complaint was also served upon him in Oklahoma.

The wife asserted in her petition in the District Court of Cleveland County that the California court acquired the power to render a personal judgment against the husband by virtue of Section 417 of the California Code of Civil Procedure which provides that "Where jurisdiction is acquired over a person who is outside of this State by publication of summons in accordance with Sections 412 and 413 [providing for substituted or constructive service], the court shall have the power to render a personal judgment against such person only if he was personally served with a copy of the summons and complaint, and was a resident of this State * * * (b) at the time that the cause of action arose * * *". The husband's answer rested his defense on two theories: (1) the subsequent Oklahoma divorce was "res judicata" and terminated any rights the wife may have had under the prior decree of separate maintenance; (2) the California court was without jurisdiction of his person and was powerless to adjudicate any personal claims or obligations in favor of the wife; and that the California decree, which was obtained in violation of procedural due process, is not entitled to full faith and credit under the Federal Constitution.

From our examination of the record, we find the first of these propositions determinative of the case. We therefore assume, without deciding, the correctness of the wife's premise as to the validity of her separate maintenance decree, limiting our discussion to the controlling issue which, in our opinion, is the legal effect of the subsequent Oklahoma divorce.

As we view the record, this cause bears no analogy to either Estin v. Estin, 334 U.S. 541, 68 S.Ct. 1213, 92 L.Ed. 1561, 1 A.L.R.2d 1412 or Vanderbilt v. Vanderbilt, 354 U.S. 416, 77 S.Ct. 1360, 1 L.Ed.2d 1456. In the former opinion it was decided that a Nevada divorce court, which had no personal jurisdiction over the wife, lack the power to terminate a husband's obligation to provide her support as required by a prior New York separation decree; In the latter case the U. S. Supreme Court held a Nevada divorce court equally powerless to extinguish, in an ex parte divorce proceeding, any pre-existing right to alimony or property the wife had under the law of New York, even though that right had not been reduced to a judgment when the Nevada divorce decree was rendered. Both of these cases are bottomed on the doctrine of "divisible divorce" which may render an ex-parte divorce effective to dissolve a marriage but ineffectual to alter the economic and legal incidents of the pre-existing matrimonial relationship.

In the cause at bar, the wife entered a general appearance in the Oklahoma divorce action, and, through her counsel, participated in the proceedings. Therefore, the decree of divorce rendered in the District Court of Cleveland County constituted an effective adjudication both as to the marital status of the parties as well as to all the proprietary and economic incidents of the marriage. The decree is entitled to full faith and credit under the Federal Constitution, Art. 4, § 1; Sherrer v. Sherrer, 334 U.S. 343, 68 S.Ct. 1087, 92 L.Ed. 1429; Coe v. Coe, 334 U.S. 378, 68 S.Ct. 1094, 92 L.Ed. 1451; see also, Lynn v. Lynn, 302 N.Y. 193, 97 N.E.2d 748, 28 A.L.R.2d 1335.

Since as we have seen, the Oklahoma divorce decree is binding upon the parties both on the question of their status

and all the proprietary and economic incidents of the dissolved marriage, the remaining question to be answered concerns the effect of that decree upon the wife's claims for which recovery was sought. This question must be decided in accordance with the law of this state. See Lynn v. Lynn, supra, and the annotation in 28 A.L.R.2d at Pages 1346–1357.

12 O.S.1961 § 1279, provides:

"A divorce granted at the instance of one party shall operate as a dissolution of the marriage contract as to both, *and shall be a bar to any claim of either party in or to the property of the other*, except in cases where actual fraud shall have been committed by or on behalf of the successful party." (emphasis ours).

 In conformity with the terms of this statute, a decree of absolute divorce, when rendered by a court which acquires jurisdiction of the person of the defending spouse, operates to effectively extinguish and terminate all pre-existing rights of the parties arising out of their former marital status. Wilcox v. Wilcox, et al., 198 Okl. 370, 178 P.2d 874; see also, Willbrook v. Worten, 137 Okl. 148, 278 P. 388.

After an absolute divorce, the rights of the wife against the husband, which arise out of the dissolved marriage, are governed exclusively by the terms of the divorce decree, unless there is some valid contract between the spouses. When a wife, after the divorce, seeks to assert a claim against the husband, she must establish that right by the decree or by a valid contract with the husband. Goldsborough v. Hewitt, 23 Okl. 66, 99 P. 907, 910, 138 Am.St.Rep. 795; Terrill v. Laney, 200 Okl. 308, 193 P.2d 296.

We hold that the divorce decree operated to effectively and conclusively bar the claims against the defendant, sought to be recovered herein. 12 O.S.1961 § 1279 and Lynn v. Lynn, supra. The District Court of Cleveland County did, in the divorce action, have personal jurisdiction of

the wife. It possessed plenary power to adjust all the proprietary rights growing out of the marriage and grant the wife full and complete relief. If that court, in adjudicating the rights of the parties in the divorce proceedings, erred in failing to give full faith and credit to the California decree of separate maintenance, the wife's remedy lay by appeal from the divorce decree to this court, and, if necessary, to the Supreme Court of the United States. The error, if any so made, does not now avail to the wife. It would present a collateral attack on the divorce decree. Lynn v. Lynn, supra.

There was error in the trial court's judgment allowing the wife to recover under a separate maintenance decree rendered prior to the entry of an absolute divorce. The wife's rights, if any, against the husband, are now governed exclusively by the terms of the divorce decree, unless there is some valid contract between the spouses.

The judgment is accordingly reversed, with directions to enter judgment for defendant-husband.