# NO. 12-10-00293-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN THE MATTER OF THE* | *§* | *APPEAL FROM THE* |
| *MARRIAGE OF BART DALTON* | *§* | *COUNTY COURT AT LAW* |
| *AND CAROL DALTON* | *§* | *NACOGDOCHES COUNTY, TEXAS* |

## *OPINION*

This is an agreed interlocutory appeal pursuant to Texas Civil Practices and Remedies Code, Section 51.014(d). Bart Dalton, Appellant and Cross-Appellee, complains of three rulings by the trial court, and Carol Dalton, Appellee and Cross-Appellant, complains of one ruling by cross-appeal. Bart presents three issues, and Carol presents one cross-issue. We reverse and render in part, and remand in part.

## BACKGROUND

Bart and Carol were married on August 6, 1988, and are the parents of three children. In 2002, Bart and Carol were residents of Oklahoma when Bart and a business partner borrowed money from the Bank of Oklahoma to purchase a business. In 2005, the Bank of Oklahoma obtained a judgment in replevin and in personam against Bart, Bart's business partner, and the business. In order to protect their assets, Carol filed for divorce from Bart in 2005 in the district court of Rogers County, Oklahoma. She later amended her petition to request a decree of separate maintenance.

On December 18, 2006, the district court of Rogers County, Oklahoma, filed an agreed order of separate maintenance ("OSM"). The parties agreed that the OSM settled their claims concerning child custody, child support, property division, debt division, spousal support, attorney's fees, and costs. Carol was granted custody of the children subject to a visitation plan

1

allowing Bart supervised visitation with the children on alternating weekends and holidays. Bart agreed to pay child support in the amount of $2,189.75 per month, ninety-five percent of the day care costs and health-related expenses not covered by insurance, and maintain medical insurance for the children.

In the property division, Carol received her personal property, the residence in Oklahoma, a Honda van, a Cessna airplane, all of the couple's interest in a musical instrument company, all checking, savings, and retirement accounts in her name, one-half of Bart's 401(k) plan, one-half of Bart's profit sharing plan, and all of Bart's Southwest Airlines stock options. Bart received all of his personal property, a Dodge van, and a Bayliner boat. Further, Bart agreed to pay all debt associated with the marital home and incurred by the parties before November 2006. He also agreed to pay support alimony to Carol in the amount of $1,309,014.00 at the rate of $6,060.25 per month. Finally, Bart agreed that all marital property not listed in the OSM would be awarded to Carol.

After the parties signed the OSM, they continued to live together in Oklahoma. In June 2008, the parties separated and Carol moved to Nacogdoches County, Texas, in August 2008. Later, Bart also moved to Nacogdoches County. In December 2008, Bart filed for divorce in Nacogdoches County, and Carol filed an answer and counterpetition for divorce. Carol also filed a notice of filing of foreign judgment and filed a certified copy of the OSM with the County Court at Law of Nacogdoches. Bart filed a motion to vacate and nullify the filing of the OSM. In response, Carol filed a motion for summary judgment, alleging that she was entitled to summary judgment as a matter of law because the OSM is a properly authenticated and final foreign judgment. As such, Carol alleged that the trial court was compelled to give full faith and credit to the OSM. Bart disagreed, alleging that the OSM was void under Oklahoma law because the Rogers County district court lacked jurisdiction. The trial court found that the Oklahoma OSM was void, was not final, and was not subject to full faith and credit. Therefore, the trial court denied Carol's motion for summary judgment.

Carol filed a second motion for summary judgment, alleging that she was entitled to summary judgment as a matter of law because the OSM was a valid and enforceable partition and exchange agreement under Texas law, and an enforceable marital contract under Oklahoma law. Bart disagreed. The trial court found that Bart did not prove the statutory defenses to enforcement of a partition and exchange agreement, that the OSM was a valid, unambiguous,

2

and enforceable partition and exchange agreement, and that the parties were entitled to a judgment on that agreement. Therefore, the trial court granted Carol's second motion for summary judgment.

Bart filed a motion to determine choice of law, for reconsideration of the partial summary judgment, and for partial summary judgment. Carol filed a motion to strike Bart's motion and a motion for clarification. The trial court signed an order on Bart's motion for reconsideration of the partial summary judgment, again granting Carol's second motion for summary judgment. The trial court also found that its previous order was a final and appealable judgment disposing of all the parties' claims subject only to issues regarding the right to, and character of, property not specifically listed in the OSM, and the granting of a divorce by the trial court. The trial court also denied Bart's motion to determine choice of law.

After finding that both of Carol's motions for summary judgment involved controlling questions of law and that an immediate appeal may materially advance the ultimate termination of the litigation, the trial court signed an agreed order granting an interlocutory appeal of four of its orders as follows: (1) the order denying Carol's first motion for summary judgment; (2) the order granting Carol's second motion for summary judgment; (3) the order on Bart's motion for reconsideration of the partial summary judgment; (4) and the order denying Bart's motion to determine choice of law. This appeal followed.

## ISSUES PRESENTED

Bart complains of the order granting Carol's second motion for summary judgment, the order denying his motion for reconsideration, and the order denying his motion to determine choice of law. In one cross-issue, Carol challenges the order denying her first motion for summary judgment. Carol's cross-issue is dispositive. Therefore, we need not address Bart's issues. *See* TEX. R. APP. P. 47.1.

## STANDARD OF REVIEW

In reviewing a traditional motion for summary judgment,[1] we apply the standards established in *Nixon v. Mr. Property Management Company*, 690 S.W.2d 546, 548-49 (Tex.

---

[1] *See* TEX. R. CIV. P. 166a(c).

1985), which are (1) the movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law; (2) in deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the nonmovant will be taken as true; and (3) every reasonable inference must be indulged in favor of the nonmovant and any doubts resolved in its favor. *See id.* at 548-49. For a party to prevail on a motion for summary judgment, he must conclusively establish the absence of any genuine question of material fact and that he is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c). A movant must either negate at least one essential element of the nonmovant's cause of action, or prove all essential elements of an affirmative defense. *See Randall's Food Markets, Inc. v. Johnson*, 891 S.W.2d 640, 644 (Tex.1995); *see also MMP, Ltd. v. Jones*, 710 S.W.2d 59, 60 (Tex. 1986). Since the burden of proof is on the movant, and all doubts about the existence of a genuine issue of material fact are resolved against the movant, we must view the evidence and its reasonable inferences in the light most favorable to the nonmovant. *See Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co.*, 391 S.W.2d 41, 47 (Tex. 1965). We are not required to ascertain the credibility of affiants or to determine the weight of evidence in the affidavits, depositions, exhibits, and other summary judgment proof. *See Gulbenkian v. Penn*, 252 S.W.2d 929, 932 (Tex. 1952). The only question is whether or not an issue of material fact is presented. *See* TEX. R. CIV. P. 166a(c).

Once the movant has established a right to summary judgment, the nonmovant has the burden to respond to the motion for summary judgment and present to the trial court any issues that would preclude summary judgment. *See, e.g.*, *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678-79 (Tex. 1979). All theories in support of or in opposition to a motion for summary judgment must be presented in writing to the trial court. *See* TEX. R. CIV. P. 166a(c).

### FULL FAITH AND CREDIT

In her cross-issue, Carol argues that the trial court erred in denying her first motion for summary judgment. More specifically, she asserts that she is entitled to summary judgment as a matter of law because the OSM was a properly authenticated foreign judgment, and was a final order with respect to the parties' property. Therefore, she contends, the trial court was required to give full faith and credit to the OSM.

4

## Applicable Law—Full Faith and Credit

According to the United States Constitution, "Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State. And the Congress may by general Laws prescribe the Manner in which such Acts, Records and Proceedings shall be proved, and the Effect thereof." U.S. CONST. art. IV, § 1. A properly proven foreign judgment must be recognized and given effect coextensive with that to which it is entitled in the rendering state. *See **Bard v. Charles R. Myers Ins. Agency, Inc.***, 839 S.W.2d 791, 794 (Tex. 1992) (citing ***Barber v. Barber***, 323 U.S. 77, 79, 65 S. Ct. 137, 138, 89 L. Ed. 82 (1944)). The Full Faith and Credit Clause requires that a valid judgment from one state be enforced in other states regardless of the laws or public policy of the other states. *See **id.*** In other words, a judgment rendered by a sister state is entitled to the same recognition and credit in this state as it would receive in the state where it was rendered, and its validity is determined by the laws of the state where it was rendered. *See **id.*** at 795. Full faith and credit is not required, however, when a decree is interlocutory or subject to modification under the law of the rendering state. *See **id.*** at 794.

## Authentication

In her summary judgment motion, Carol alleged that she was entitled to summary judgment because the OSM was a properly authenticated foreign judgment.

### *Applicable Law*

Under the Uniform Enforcement of Foreign Judgments Act ("UEFJA"), a copy of a foreign judgment authenticated in accordance with an act of Congress or a statute of this state may be filed in the office of the clerk of any court of competent jurisdiction of this state. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 35.003(a) (Vernon 2008). Under the UEFJA, filing a foreign judgment in a Texas court instantly creates an enforceable, final Texas judgment. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 35.003(b), (c); ***BancorpSouth Bank v. Prevot***, 256 S.W.3d 719, 722 (Tex. App.–Houston [14th Dist.] 2008, no pet.). Once an authenticated copy of a foreign judgment has been filed in Texas, the defendant has the burden of attacking the judgment and establishing a recognized exception to the full faith and credit requirements. ***McCoy v. Knobler***, 260 S.W.3d 179, 182 (Tex. App.–Dallas 2008, no pet.).

### *Analysis*

In support of her summary judgment, Carol attached a copy of the OSM showing that it

was filed and recorded with the Rogers County, Oklahoma clerk's office. She also filed the OSM with the County Court at Law of Nacogdoches County as a foreign judgment under the UEFJA. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 35.003(a). Further, Carol attached a certified copy of the OSM as an exhibit to her counterpetition for divorce. *See* TEX. R. EVID. 902(4). Thus, she alleged, the OSM was properly authenticated as a foreign judgment. By this evidence, Carol showed that the OSM was properly filed and recorded in Rogers County, and that a certified copy of the OSM was properly filed in the County Court at Law of Nacogdoches County pursuant to the UEFJA. Thus, she established that the OSM was a properly authenticated foreign judgment.

Once Carol showed that the OSM was properly authenticated, Bart had the burden of demonstrating a recognized exception to the full faith and credit requirements. *See McCoy*, 260 S.W.3d at 182. In his response, Bart asserted that the OSM was void on its face because the court lacked jurisdiction under Oklahoma law to permanently divide the marital estate. In Oklahoma, "[a] judgment is not void in the legal sense for want of jurisdiction, unless its invalidity and want of jurisdiction appears on the record; it is voidable merely." *Fleetwood v. Chevron U.S.A. Prod. Co.*, 239 P.3d 960, 964 (Okla. Civ. App. 2010) (quoting *Edwards v. Smith*, 142 P. 302, 304 (Okla. 1914)); *see also Union Tex. Petroleum v. Corp. Comm'n of Okla.*, 651 P.2d 652, 659 (Okla. 1981).

For a judgment to be void on the face of the record, the judgment roll must reflect a lack of jurisdiction (1) over the parties, (2) over the subject of the action, or (3) to render the particular judgment entered. *Cloyd v. Dawson*, 569 P.2d 534, 536 (Okla. Civ. App. 1977) (citing *Scoufos v. Fuller*, 280 P.2d 720, 723 (Okla. 1955)). The judgment roll or record proper consists of ". . . the petition, the process, return, the pleadings subsequent thereto, reports, verdicts, orders, judgments, and all material acts and proceedings of the court." *Elliott v. City of Guthrie*, 725 P.2d 861, 863 n.8 (Okla. 1986) (quoting OKLA. STAT. ANN. tit. 12, § 32.1 (2011)). A judgment may not be attacked for facial invalidity when the entire (complete) judgment roll has not been incorporated into the record for review. *Holleyman v. Holleyman*, 78 P.3d 921, 933 (Okla. 2003) (Opala, V.C.J., concurring).

Bart has attacked the trial court's lack of jurisdiction to render the particular judgment entered. However, he may do so only if the entire judgment roll has been incorporated into the record for review. *See Holleyman*, 78 P.3d at 933. Bart did not attach the entire judgment roll

to his response, nor does the complete judgment roll appear in the record. Thus, Bart may not attack the OSM for facial invalidity. *See id*. Accordingly, Carol established that the OSM was a properly authenticated foreign judgment.

**Finality**

In her summary judgment motion, Carol alleged that she was entitled to summary judgment because the OSM is a final judgment with respect to the parties' property.

*Applicable Law*

Oklahoma law provides that "in any case where a divorce is refused, the court may for good cause shown make such order as may be proper for the custody, maintenance and education of the children, and for the control and equitable division and disposition of the property of the parties, or of either of them, as may be proper, equitable and just". OKLA. STAT. ANN. tit. 43, § 108 (2011). While Section 108 uses the term "in any other case where a divorce is refused," the Oklahoma Supreme Court held that the word "refused" is used in a broad sense. ***Woodruff v. Barrington***, 184 P.2d 771, 773 (Okla. 1947). The court held further that the legislature granted to the district court the right to divide the property when good cause for division is shown in any case involving marital difficulties in which a divorce is for any reason not granted. ***Id.*** The ***Woodruff*** court perceived no substantial distinction in cases where, although grounds for divorce are established, the right to a divorce is waived or relinquished, and in cases where, although a divorce is sought, it is denied by the trial court. ***Id.*** at 773-74. In summary, the ***Woodruff*** court determined that Section 108 applied to all cases where a divorce is not granted, and that in cases where the right to divorce is waived or renounced by the parties, the court is within its power to divide the jointly acquired property. ***Id.*** at 774.

Further, in ***Husband v. Husband***, 233 P.3d 383, 389 (Okla. Civ. App. 2009), the court found that pursuant to Section 108, a trial court has the authority to decree a final division of property in an action initiated as a divorce case, but concluded as a separate maintenance decree. ***Husband***, 233 P.3d at 389.

*Analysis*

In support of her motion for summary judgment, Carol showed that she initially filed for divorce in Rogers County, Oklahoma. She subsequently amended her pleading to request a decree of separate maintenance. Carol also established that she and Bart entered into an agreed OSM, which was approved by the judge of the Rogers County district court. From this evidence,

7

Carol showed that the OSM is a final judgment according to Oklahoma law even though she amended her divorce suit to a suit for separate maintenance. *See* OKLA. STAT. ANN. tit. 43, § 108; *Woodruff*, 184 P.2d at 773-74. Further, recent Oklahoma case law supported Carol's argument that a court has the authority to decree a final division of property in an action initiated as a divorce case, but concluded as a separate maintenance decree. *See Husband*, 233 P.3d at 389. Because the OSM is entitled to the same recognition and credit in this state as it would receive in Oklahoma, Carol established that the OSM is a final judgment. *See Bard*, 839 S.W.2d at 795.

Once Carol showed that the OSM was a final judgment, Bart had the burden of demonstrating a recognized exception to the full faith and credit requirements. *See McCoy*, 260 S.W.3d at 182. In his response, Bart asserted that the OSM is not a final judgment. First, Bart alleged that the OSM is not res judicata in a subsequent divorce proceeding, citing *Lewis v. Lewis*, 135 P. 397 (Okla. 1913). However, the *Lewis* decision is inapplicable to this case because the wife in *Lewis* originally brought suit for alimony only. *See Lewis,* 135 P. at 411-12; *Woodruff*, 184 P.2d at 772. Next, Bart asserted that a subsequent divorce extinguishes a spouse's rights under an OSM, citing *Shipp v. Shipp*, 383 P.2d 30 (Okla. 1963). Again, however, the *Shipp* decision is inapplicable to this case because it involved a wife's attempt to recover monies awarded in a foreign decree of separate maintenance in a separate suit after Oklahoma granted a final decree of divorce. *See Shipp,* 383 P.2d at 31-32. In fact, the *Shipp* court noted that the wife's remedy lay in appealing the court's refusal to give the foreign decree of separate maintenance full faith and credit. *See id*. at 33.

Bart also alleged that the OSM was temporary because alimony is subject to modification, even retroactively, citing *Bartlett v. Bartlett*, 144 P.3d 173 (Okla. Civ. App. 2006). The *Bartlett* case, however, involved retroactive modification of a temporary order for support alimony prior to a final decree of divorce, not an OSM. *See Bartlett,*144 P.3d at 184. Moreover, a divorce decree is not rendered temporary because an alimony award may be prospectively modified, and we have found no authority that the rule should be different for an OSM. Oklahoma statutory and case law allows for prospective modification of alimony awarded in any divorce decree. *See* OKLA. STAT. ANN. tit. 43, § 134 (D) (2011); *Wilson v. Wilson*, 987 P.2d 1210, 1213-14 (Okla. 1999). Thus, statutory and case law does not support Bart's argument that modification of alimony renders an OSM temporary.

Next, Bart asserted that the jointly acquired property was still in the marital estate subject to division, citing *Manhart v. Manhart*, 725 P.2d 1234 (Okla. 1986). In *Manhart*, the parties sued for divorce, and never entered into a decree of separate maintenance. *See Manhart*, 725 P.2d at 1236. The pertinent issue involved an interspousal conveyance of property and whether the conveyance could remove that property from consideration as jointly acquired property for purposes of an equitable division of property. *See id.* at 1238. Because the parties in *Manhart* did not divide their property in a decree of separate maintenance, that case is inapplicable. Further, the *Husband* court concluded that when a trial court divides the parties' property pursuant to an agreed decree of separate maintenance, there is no property to divide in a decree of divorce because the division of property has already been accomplished. *See Husband*, 233 P.3d at 389; *see also* OKLA. STAT. ANN. tit. 43, § 108.

Bart also cited an Oklahoma statute providing that when a trial court enters a decree of divorce, it shall make a division of property between the parties as may appear just and reasonable. OKLA. STAT. ANN. tit. 43, § 121 (2011). This statute is inapplicable because Bart and Carol's suit involved an OSM, not a property division pursuant to a decree of divorce. Here, as in the *Husband* case, Bart and Carol agreed to a property division in the OSM; therefore, there is no property to divide in a divorce. *See Husband*, 233 P.3d at 389. Thus, statutory and case law does not support Bart's argument that the jointly acquired property is still in the marital estate subject to division.

Finally, Bart alleged that the OSM was procured by extrinsic fraud and, thus, should be denied full faith and credit. Extrinsic fraud is defined by the Oklahoma Supreme Court as "(a) any fraudulent conduct of a successful party, (b) perpetrated outside of an actual adversary trial or process and (c) practiced directly and affirmatively on the defeated party, (d) whereby he was prevented from presenting fully and fairly his side of the case." *Patel v. OMH Med. Ctr., Inc.*, 987 P.2d 1185, 1196 (Okla. 1999). As his supporting evidence, Bart pointed to his affidavit[2] attached to his response. In the affidavit, he stated that neither he nor Carol wanted a divorce. Further, he asserted that they relied upon the advice of counsel that an OSM would protect their

---

[2] Although Bart's supporting affidavit was not attached to his response in the record, it is attached to Carol's reply to his response. Further, Carol acknowledged in her reply that Bart's supporting affidavit was attached to his response. When reviewing a traditional summary judgment, we review de novo the entire record in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts against the motion. *See Sudan v. Sudan*, 199 S.W.3d 291, 292 (Tex. 2006); *KPMB Peat Marwick v. Harrison County Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999). Thus, we consider Bart's supporting affidavit attached to Carol's reply to his response in our review of the summary judgment.

assets. As such, he alleged that the OSM was procured by extrinsic fraud. However, Bart did not allege that Carol practiced any fraudulent conduct outside the Oklahoma suit or that he was prevented from presenting his side of the case fully and fairly. *See id.* Although he pointed out in his affidavit that the attorney was Carol's attorney, he did not allege that he was prevented from seeking his own counsel. *See id.* Because there is no evidence that Carol's conduct was fraudulent or that Bart was prevented from presenting his side of the case, the record does not support Bart's argument that the OSM was procured by extrinsic fraud. Accordingly, Carol established that the OSM was a final judgment with respect to the parties' property.

**Conclusion**

Carol's summary judgment evidence showed that the OSM was a properly authenticated foreign judgment, and was a final order with respect to the parties' property. Thus, she established that the OSM was an enforceable, final Texas judgment, and entitled to full faith and credit. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 35.003(b), (c); *BancorpSouth Bank*, 256 S.W.3d at 722; *Bard*, 839 S.W.2d at 794. Further, Bart did not meet his burden of demonstrating a recognized exception to the full faith and credit requirements. *See McCoy*, 260 S.W.3d at 182. Therefore, Carol was entitled to summary judgment as a matter of law, and the trial court erred in denying her first motion for summary judgment. Accordingly, Carol's cross-issue is sustained.

**DISPOSITION**

Having sustained Carol's issue on her cross-appeal, we *reverse* the trial court's order denying her first motion for summary judgment, and *render* judgment that the OSM is entitled to full faith and credit. Accordingly, we *remand* for further proceedings consistent with this opinion. Because this issue is dispositive, we need not address Bart's or Carol's remaining issues. *See* TEX. R. CIV. P. 47.1. All pending motions are overruled as moot.

**SAM GRIFFITH**
Justice

Opinion delivered June 30, 2011.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)

10
