OSCN Found Document:DALTON v. DALTON

 

 
 

 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only

 
 
 

 
 DALTON v. DALTON
2023 OK CIV APP 41
Case Number: 120388
Decided: 02/02/2023
Mandate Issued: 11/02/2023
DIVISION III
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION III

Cite as: 2023 OK CIV APP 41, __ P.3d __

 

IN RE THE MARRIAGE OF:

CAROL DENISE DALTON, Petitioner/Appellee,
v.
BART BRADLEY DALTON, Respondent/Appellant.

APPEAL FROM THE DISTRICT COURT OF
ROGERS COUNTY, OKLAHOMA

HONORABLE DAVID SMITH, TRIAL JUDGE

AFFIRMED

William R. Higgins, Kevin A. Easley, Claremore, Oklahoma, and
fMark H. Ramsey, TAYLOR, FOSTER, MALLETT, DOWNS, & RAMSEY & RUSSELL, Claremore, Oklahoma, for Petitioner/Appellee,

Gilbert J. Pilkington Jr., Tulsa, Oklahoma, for Respondent/Appellant.

THOMAS E. PRINCE, PRESIDING JUDGE:

¶1 Respondent/Appellant, Bart Dalton, seeks review of an Order that denied his Motion to Clarify Status. Mr. Dalton and Petitioner/Appellee, Carol Dalton, were legally separated by an Order of Separate Maintenance ("OSM") that was entered in Rogers County, Oklahoma, on December 18, 2006. Although they were legally separated, Mr. and Ms. Dalton continued to reside together, or in other words, they reconciled for a period of approximately eighteen months after entry of the OSM. During 2008, the Parties relocated to Nacogdoches County, Texas, and a divorce action was commenced. The Texas court entered a Final Decree of Divorce that incorporated the OSM as a part of the judgment. Mr. Dalton subsequently filed a Motion for Declaratory Judgment and also a Motion to Clarify Status in Rogers County, Oklahoma. Mr. Dalton asserted that the OSM was void as a matter of law as a result of the Parties' eighteen month reconciliation. The trial court denied Mr. Dalton's Motion to Clarify. The trial court determined that it had no jurisdiction to grant a declaratory judgment or to clarify the OSM. The Order also included a specific finding that Texas has jurisdiction over the OSM, that Oklahoma does not have jurisdiction to modify the OSM, that the OSM was either continued or revived by the Texas court when it was incorporated into the Texas Divorce Decree, and that the reconciliation of the Parties did not void the OSM. We find that the trial court did not commit error when it denied Mr. Dalton's motions and, therefore, affirm the "Order-Motion to Clarify Status".

BACKGROUND

2006 Oklahoma OSM and 2008 Motion to Convert

¶2 The Parties were married on August 6, 1988. Ms. Dalton filed a Petition for Dissolution of Marriage in Rogers County, Oklahoma, on October 28, 2005. An agreed Order of Separate Maintenance was approved by the trial court and filed on December 18, 2006. According to the OSM, the Parties were granted a Decree of Legal Separation on the ground of incompatibility. The OSM included orders awarding custody and child support, a division of marital property, a division of marital debt, and a sum certain award of support alimony.[1] After entry of the OSM, the Parties continued to reside together as husband and wife for a period of approximately eighteen months -- i.e., until June, 2008.

¶3 On November 17, 2008, Ms. Dalton filed a Motion to Convert Order of Separate Maintenance to a Dissolution of Marriage in Rogers County, Oklahoma. A hearing was held on December 15, 2008. The trial court determined that the Parties were residents of the State of Texas, that the OSM remained in effect, and that the State of Texas had jurisdiction over the status of the Parties' marriage.

2008 Texas Divorce Proceedings, 2011 Interlocutory Appeal, and 2011 Divorce Decree

¶4 During the same month that the hearing was held on Ms. Dalton's Motion to Convert in Oklahoma, Mr. Dalton filed an Original Petition for Divorce in Nacogdoches County, Texas, on December 30, 2008. In the Petition, Mr. Dalton alleged that he had been a domiciliary of the State of Texas for more than 6 months. He claimed that the Parties were married on or about August 6, 1988 "and ceased to live together as husband and wife on or about June 13, 2008." Ms. Dalton filed an Original Counter Petition for Divorce. In the Counter Petition, Ms. Dalton alleged that she had been a domiciliary of Texas for more than 6 months and that the Parties ceased living together as husband and wife during June, 2008. Ms. Dalton attached the OSM entered in Rogers County, Oklahoma, as Exhibit "A" to the Counter Petition. She requested recognition and enforcement of the OSM under the Uniform Enforcement of Foreign Judgments Act.

¶5 Litigation between the Parties regarding the validity and enforceability of the OSM resulted in an interlocutory appeal in the State of Texas. According to the Opinion rendered by the Court of Appeals of Texas, Mr. Dalton filed a motion to vacate and nullify the filing of the OSM. Mr. Dalton argued that the OSM was void under Oklahoma law because the Oklahoma Court lacked jurisdiction. In re Marriage of Dalton, 348 S.W.3d 290, 292-293 (Tex. App.-Tyler 2011). Mr. Dalton specifically argued that the "OSM was void on its face because the court lacked jurisdiction under Oklahoma law to permanently divide the marital estate." Id., at 295. In response, Ms. Dalton argued that the OSM was a valid and enforceable partition and exchange agreement under Texas law and an enforceable marital contract under Oklahoma law. Id., at 293. The Court of Appeals of Texas found that the Oklahoma court had the authority to decree a final division of property in the OSM. Id., at 296 & 298. The Court of Appeals of Texas concluded that the OSM was a final judgment with respect to the Parties' property and that it was an enforceable, final Texas judgment entitled to full faith and credit.[2] Id., at 298.

¶6 After the interlocutory appeal in Texas was concluded, a Final Decree of Divorce was entered in Nacogdoches County, Texas, on September 29, 2011. The Decree indicated that Mr. and Ms. Dalton personally appeared, were represented by independent counsel and announced ready for trial. A jury trial was waived and questions of fact and law were submitted to the court. Regarding the OSM, the Decree included the following:

Oklahoma Order of Separate Maintenance

The Court finds that an Order of Separate Maintenance (hereinafter referred to as "OSM") was granted by the Rogers County District Court of Oklahoma and has been given full faith and credit by this Court. The Court approves and affirms the terms of the OSM, including property and children's issues and incorporates it by reference as Exhibit A as part of this decree as if it was recited herein verbatim. The terms of this Final Decree of Divorce are enforceable to the extent allowed by law as a contract.

***

Enforcement of OSM

This Decree specifically preserves the right of either party to enforce the terms of the OSM to the extent the terms have been violated by either party. The entry of this Decree changing the parties' status to that of divorced persons does not impose a waiver of such enforcement as allowed by law.

2011 Oklahoma Petition to Vacate OSM and 2013 Motion for Declaratory Judgment

¶7 On September 26, 2011, during the same month that the Decree of Divorce was entered in Texas, Mr. Dalton filed a Petition to Vacate Order of Separate Maintenance in the trial court (Rogers County, Oklahoma). In a Decision and Order of August 13, 2013, the trial court found that Mr. Dalton's request to vacate the OSM on the ground of fraud was barred by the statute of limitations (since more than two years had passed from the time that Ms. Dalton filed her request to convert the OSM to a Decree of Dissolution of Marriage). The trial court specifically found that the OSM was a valid order and, further, that:

This case has been litigated in Oklahoma and then in Texas through final disposition, and those orders must be given full faith and credit; and, as such, res judicata does also apply.

¶8 During November, 2013, Mr. Dalton filed his first Motion for Declaratory Judgment in the trial court. In the Motion, Mr. Dalton requested a determination as to whether the trial court had jurisdiction to modify "the temporary order regarding property division, debts and alimony based upon the facts of this case". Mr. Dalton also questioned which court, in Texas or Oklahoma, had jurisdiction to modify the terms of the OSM. In addition, Mr. Dalton requested a declaratory judgment as to whether the OSM was effectively extinguished and terminated upon the granting of a divorce by the Texas court. On July 3, 2014, the trial court entered a Declaratory Judgment and found that the Decree of Divorce entered by the Texas court recognized and incorporated the OSM and, as a result, the OSM merged into and became a part of the Texas Decree of Divorce. The trial court held that it "no longer has jurisdiction over any matter related to the divorce of these parties, and any post-decree motions must now be heard and decided by the Texas Court."

2018 Texas Appeal

¶9 A second appeal in Texas regarding enforceability of the OSM was filed by Mr. Dalton. After the Parties were divorced in Texas, Ms. Dalton sought orders to enforce the support alimony award contained in the OSM that was incorporated into the Texas Decree of Divorce. Mr. Dalton appealed after the Texas trial court entered a wage-withholding order and an amended QDRO. Mr. Dalton argued that the Texas trial court had no authority to enter those particular orders to enforce the alimony award. Dalton v. Dalton, 551 S.W.3d 126, 129 (Tex. 2018).

¶10 The Supreme Court of Texas reversed the Texas trial court. The Court explained that, for a period of 150 years, the State of Texas rejected involuntary support alimony awards as contrary to public policy. Id., at 130. In 1995, the Texas Legislature authorized awards for spousal maintenance under very narrow and very limited circumstances. Id. The Court differentiated consensual agreements to pay spousal maintenance from involuntary obligations and stated that "spousal-maintenance awards are enforceable as court judgments while agreed spousal-support obligations constitute debts enforceable only as a contract." Id., at 131. The Court recognized that Oklahoma "treats court-approved spousal-support agreements as judgments, not as mere contractual obligations." Id., at 132. In Texas, wages may be withheld to enforce payment of court-ordered obligations that qualify as spousal maintenance. Id., at 133. The Court, however, noted that the Oklahoma OSM neither ordered spousal maintenance, as that term is defined by Texas law, nor approved an agreement to pay spousal maintenance. Id. Consequently, the Texas trial court lacked authority to enter the wage-withholding order because the Oklahoma OSM is only enforceable as a contract rather than a judgment in Texas. Therefore, the wage-withholding order was vacated. Id., at 136. The Court also vacated the amended QDRO entered by the Texas trial court because, under Texas law, there is no authority which would allow a Texas trial court to substantively modify a property division award after the entry of a Decree of Divorce. Id., at 139-142.

2017 Oklahoma Motion for Declaratory Judgment, 2019 Motion to Clarify Status, and 2019 Enforcement Action

¶11 Before the second appeal was resolved in Texas, Mr. Dalton filed his second Motion for Declaratory Judgment in Rogers County on November 3, 2017. In the Motion, Mr. Dalton argued that the Oklahoma OSM was invalid for either of two reasons. Mr. Dalton first claimed that the Parties' reconciliation after entry of the OSM voided the agreement and, second, once the Parties obtained a Decree of Divorce, the OSM was extinguished and could not survive as an independent judgment alongside the Texas Decree of Divorce. Before there was a hearing held on Mr. Dalton's second Motion for Declaratory Judgment, Mr. Dalton filed a Motion to Clarify Status on July 31, 2019. In the Motion to Clarify, Mr. Dalton argued that the OSM was a temporary order which ceased to be valid once the Parties reconciled or a final divorce was entered. Mr. Dalton requested an order clarifying the previous Declaratory Judgment entered by the trial court on July 3, 2014. He specifically requested that the trial court define the meaning of the term "merged" that was included in the 2014 Declaratory Judgment. Mr. Dalton asked whether the OSM was void once the Parties reconciled or obtained a divorce and whether the OSM is subject to modification under Texas law. While Mr. Dalton's Motions were pending, Ms. Dalton commenced a separate proceeding and filed a Petition for Registration of Foreign Child Support and Support Determination in Rogers County, Oklahoma, case number FR-2019-6. In the Petition, Ms. Dalton sought enforcement of the child support and support alimony provisions contained in the Texas Decree of Divorce.

¶12 A hearing was held on Mr. Dalton's Motion to Clarify on May 17, 2021. On February 22, 2022, an Order-Motion to Clarify Status was filed of record denying Mr. Dalton's Motions. The trial court determined that Mr. Dalton was not entitled to declaratory relief, that the trial court had no jurisdiction to determine any rights of the Parties, and that res judicata and issue preclusion prevent the trial court from doing anything in respect to the Texas Decree of Divorce. The trial court made the following findings regarding the OSM:

The current status of the Order of Separate Maintenance is exactly what the Texas Court says it is. The Texas Court has jurisdiction over the Order of Separate Maintenance, and that is the Order of this Court.

This Court does not have jurisdiction to modify the Order of Separate Maintenance.

The Order of Separate Maintenance was either continued or revived by the Texas Court when the Final Divorce Decree was entered.

Under Oklahoma Law, the reconciliation of the parties did not void the Order of Separate Maintenance.

Mr. Dalton appeals the denial of his Motion to Clarify.

STANDARD OF REVIEW

¶13 The questions presented for review are issues of law that include whether res judicata applies, whether the OSM merged into and was extinguished when the Texas Decree of Divorce was entered, and whether the trial court had authority to clarify the OSM. Issues of law are reviewed de novo. Gambill v. Gambill, 2006 OK CIV APP 73, ¶ 7, 137 P.3d 685, 688. De novo review involves a plenary, independent, and non-deferential review of the legal rulings made by the trial court. Id.

ANALYSIS

¶14 Mr. Dalton's Br.-in-chief includes four Propositions of Error. In the first Proposition of Error, Mr. Dalton asserts that the trial court committed error when it held that it had no jurisdiction to determine any rights of the Parties as it relates to the OSM. He argues that the trial court committed error when it held that he was not entitled to declaratory relief even though Ms. Dalton is attempting to enforce the Texas Decree of Divorce in Rogers County case number FR-2019-6. Mr. Dalton claims that the trial court created a conflict when it held that the status of the OSM is exactly what the Texas court says it is and that Texas has jurisdiction over the OSM even though the Texas court ruled that the law of Oklahoma governs the nature, extent, amount, and duration of current payments. Mr. Dalton claims that Texas has held that it cannot modify the OSM. He states that the OSM is silent regarding modification, which under Oklahoma law means that it is modifiable. He next asserts, however, that the OSM was voided by operation of law when the Parties reconciled. In the second Proposition of Error, Mr. Dalton asks whether the Texas Decree of Divorce can be enforced in Oklahoma. He argues that, as a result of the holding of the Texas Supreme Court, the OSM is not enforceable under the UIFSA[3] because Texas has determined that the Oklahoma OSM does not constitute a court order for spousal maintenance. He argues that the Texas Decree of Divorce is not a consent decree and, as such, cannot be enforced as a contract in Oklahoma. Mr. Dalton contends that: "While it may be enforceable under Texas law, that is for a Texas court to decide. It is not enforceable in the state of Oklahoma." In the third Proposition of Error, Mr. Dalton again claims that the reconciliation of the Parties voided the OSM and the trial court committed error when it held that the reconciliation did not render the OSM void as a matter of law. In the fourth and final Proposition of Error, Mr. Dalton argues that the Texas court did not have authority to revive or continue the void OSM. He asserts that if the OSM is void, then all subsequent proceedings regarding the OSM are invalid under Oklahoma law. He also asserts that the trial court committed error when it held that the doctrines of res judicata and issue preclusion prevent the trial court from doing anything with respect to the Texas Decree of Divorce.

¶15 We find that the trial court was correct when it held that there was nothing pending or justiciable before it in this action (i.e., Rogers County case number FD-2005-569). We find that the trial court also was correct when it found that the current status of the OSM "is exactly what the Texas Court says it is." We further find that the OSM was a final judgment in Oklahoma, rather than a temporary order, that was incorporated into the Texas Decree of Divorce. As a result, the Texas Decree of Divorce, which includes verbatim the terms of the Oklahoma OSM, is valid and enforceable whereas the OSM no longer exists as an independent judgment. Finally, we find that res judicata precludes Mr. Dalton's argument that the OSM was void as a result of the Parties' reconciliation. As a result, we make no finding regarding weather the Parties' reconciliation rendered the OSM void. While we recognize that, in some situations, a judgement for legal separation can become inoperative or void upon reconciliation, we need not resolve that issue (i.e., whether the OSM became void as a result of the Parties' period of reconciliation).[4] There have been at least four opportunities for Mr. Dalton to litigate the question of whether the OSM was void as a result of the Parties' reconciliation. Res judicata or issue preclusion bars relitigation of issues that have actually been determined or could have been determined at a previous time or in a previous action. Wabaunsee v. Harris, 1980 OK 52, ¶ 11, 610 P.2d 782, 785, and Miller v. Miller, 1998 OK 24, ¶'s 22-26, 956 P.2d 887, 896-897. In addition, the Texas proceedings, a Final Decree of Divorce was entered during 2011. The OSM was incorporated, verbatim, into the Texas Decree of Divorce. We hold that once the Texas court incorporated the OSM into its judgment for divorce, the OSM itself was extinguished and became a part of the Texas Decree of Divorce. To hold otherwise would result in a situation where there are two judgments from two different states covering the same subject matter with the exception of the marital status of the Parties. Since the OSM no longer exists, the trial court was correct when it held that there was nothing pending or justiciable before it. The only judgment that is subject to litigation between the Parties at this time is the Texas Decree of Divorce and issues regarding enforcement or modification of that Decree were not before the trial court. Therefore, we will not address issues raised by Mr. Dalton regarding modification and enforcement of the Texas Decree.

CONCLUSION

¶16 The Oklahoma OSM was a final judgment that was extinguished once it was incorporated into the Texas Decree of Divorce. Therefore, there is nothing justiciable or pending before the trial court in this matter and there is no court order to clarify. Consequently, the Order-Motion to Clarify Status is affirmed.

MITCHELL, C.J., and BELL, J., concur.

FOOTNOTES

[1] The property division award included awards of vehicles, an airplane, personal property, retirement plans, stock options, and a home. In addition, Ms. Dalton was awarded support alimony in the total amount of $1,309,014.00, to be paid by Mr. Dalton at the rate of $6,060.25 per month for a period of eighteen years.

[2] The Texas appellate court also rejected Mr. Dalton's argument that the support alimony award was subject to retroactive modification because, according to him, the OSM constituted a temporary order, and the appellate court rejected his argument that the OSM was procured by extrinsic fraud. Id., at 292 and 297.

[3] Uniform Interstate Family Support Act, 43 O.S. § 601-101 et seq.

[4] See Clinton v. Clinton, 1940 OK 115, 101 P.2d 609, & Woodroof v. Barrington, 1947 OK 247, 184 P.2d 771.

 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Civil Appeals Cases

 
Cite
Name
Level

 
2006 OK CIV APP 73, 137 P.3d 685, 
GAMBILL v. GAMBILL
Discussed

Oklahoma Supreme Court Cases

 
Cite
Name
Level

 
1940 OK 115, 101 P.2d 609, 187 Okla. 144, 
CLINTON v. CLINTON
Discussed

 
1947 OK 247, 184 P.2d 771, 199 Okla. 125, 
WOODROOF v. BARRINGTON
Discussed

 
1980 OK 52, 610 P.2d 782, 
Wabaunsee v. Harris
Discussed

 
1998 OK 24, 956 P.2d 887, 69 OBJ 1172, 
MILLER v. MILLER
Discussed

Title 43. Marriage

 
Cite
Name
Level

 
43 O.S. 601-101, 
Short Title
Cited

 
 

 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA